(54 P.3d 969)
No. 87,544

STATE OF KANSAS, *Appellee,* v. MICHAEL LEE MITCHELL,
*Appellant.*

Opinion filed September 27, 2002.

*Peter Maharry,* assistant appellate defender, and *Steven R. Zinn,* deputy appellate defender, for appellant.

*Scott Showalter*, acting county attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before GREEN, P.J., WAHL, S.J., and JOHN J. BUKATY, JR., District Judge, assigned.

BUKATY, J.: Michael Lee Mitchell seeks to appeal his criminal convictions out of time. He filed a motion in the district court requesting such relief, and the court denied it. He appeals, arguing that he falls within exceptions to the rule that appeals must be timely filed. Alternatively, he argues that he should be allowed a second hearing on the motion and that he be appointed a conflict-free counsel. We affirm.

This is Mitchell's second appeal in this regard. Previously, the trial court denied Mitchell's request to appeal out of time. In *State v. Mitchell,* case no. 84,350, an unpublished opinion filed February 16, 2001, we reversed and remanded that determination with directions that the trial court conduct a hearing under *State v. Ortiz,* 230 Kan. 733, 640 P.2d 1255 (1982), to determine whether Mitchell waived his appeal rights or whether the facts established exceptions to the rule that an appeal must be timely filed. The trial court then conducted such a hearing and again determined that the appeal should be disallowed since no *Ortiz* exceptions existed. That brings us to the present appeal.

Mitchell argues that he was not informed of the time limit for filing a notice of appeal or that an attorney would be appointed for appeal if he could not afford one. He urges, therefore, that *Ortiz* provides for an appeal out of time.

Under K.S.A. 22-3608(c), Mitchell had 10 days following the judgment of the trial court to appeal. He clearly did not meet this requirement. Generally, appellate courts do not have jurisdiction to hear a late appeal and must dismiss it. See *State v. Ji,* 255 Kan. 101, 872 P.2d 748 (1994). However, in the interest of fundamental fairness, the *Ortiz* court recognized exceptions to the general rule where a criminal defendant either was not informed of his or her right to appeal, or was not furnished an attorney to perfect an appeal, or was furnished an attorney who failed to perfect an appeal. 230 Kan. at 736. Whether any of these exceptions excuse

Mitchell from not filing a timely appeal is a question of law over which this court has unlimited review. See *State v. Parker*, 23 Kan. App. 2d 655, 658, 934 P.2d 787, *rev. denied* 262 Kan. 967 (1997).

A rather detailed consideration of the facts is necessary to determine the issue.

In August 1995, the State charged Mitchell in the present case. He retained Mitchell B. Christians to represent him. A jury then convicted Mitchell of the charges of battery, criminal damage to property, and obstruction of justice. Other charges were dismissed.

The trial court sentenced Mitchell on January 8, 1996, to 10 months for criminal damage to property, 10 months for obstruction of justice, and 6 months for battery, all to run concurrently. Also, Mitchell was on probation in a 1993 case when he committed these offenses, and the court revoked that probation. It ordered the sentences in the present case to run consecutive to that sentence.

In a letter dated May 29, 1996, Mitchell wrote to the trial judge requesting correction of the journal entry of his sentencing to reflect that the sentence on the battery charge ran concurrently instead of consecutively. In the letter, he wrote, "I am no-longer able to secure legal counsel, only as a last resort I have choosen [*sic*] to bring this matter to your attention, perhaps you would be gracious enough to look into or to assign an attorney to verify this claim?" The trial judge signed a nunc pro tunc order making the change.

On June 20, 1996, Mitchell wrote to the Sherman County Clerk requesting a copy of the docketing statement and the names of the court reporters who had been assigned to his 1993 and 1995 cases.

On October 7, 1996, Mitchell filed numerous pro se motions: motion to correct illegal sentence, motion for appointment of counsel, motion to proceed in forma pauperis, motion to order transport to court, motion to order show cause, and motion for jail credit. In December 1996, the court held a hearing on the motion to correct illegal sentence, and Mitchell was represented by Christians. The trial court granted Mitchell an additional 134 jail credit days.

Mitchell wrote to the trial court on February 5, 1997, requesting rulings on his motions and that a copy of the rulings be sent to him. Additionally, Mitchell stated, "My attorney Mr. Christians has failed to adequately represent me. He never filed my motions for

jail credit. I don't think he appealed my case. Nor has he ever contacted me after Jan-8-96." The journal entry correcting the jail credit was filed on February 27, 1997.

Two years later, on February 9, 1999, Mitchell wrote the trial court requesting that another attorney, Bonnie Selby, represent him in an appeal of the present case. He stated that Selby had represented him in a 1997 case which was similar to the present one. He further stated that Christians had not contacted him in any way or informed him of his case status.

In response to this letter, the court held a hearing on June 7, 1999; Michael Irvin, as Sherman County Attorney, was the only party present. The court stated it had reviewed the files and found no indication that Mitchell intended to file an appeal. The court held that any appeal was out of time and it was "not going to go back and attempt to reopen it for appeal purposes at this point." This ruling was the subject of the first appeal in this case.

As stated earlier, on remand, the court held an *Ortiz* hearing. Mitchell appeared personally and by Bonnie Selby, who was the current Sherman County Attorney, and the State appeared by the acting Sherman county attorney, Scott Showalter. Mitchell testified he and Christians had discussed an appeal but not time limits. He said that he told Christians he wished to appeal on the day of the jury verdict but did not recall whether Mitchell said anything about the appeal on the sentencing day.

On the other hand, Christians testified he was retained through Mitchell's uncle to represent Mitchell on two different cases, the present case and a municipal court case. Christians filed an appeal to the district court from the municipal court convictions. Christians recalled the conversation about Mitchell's appeal in this case on the day of jury trial. He told Mitchell he needed some type of retainer to represent him further through appeal.

There is no indication that the trial court advised Mitchell of his right to appeal at the time of sentencing. That, of itself, is not dispositive of the issue however. In *State v. Mitchell,* 231 Kan. 144, 146-47, 642 P.2d 981 (1982), defendant Mitchell (no relation to appellant in the present case) claimed he had not been informed either by the court or by counsel of his right to appeal. The *Mitchell*

court stated: "While it is clear the defendant was not informed of his right to appeal by the judge, it is apparent from his actions that he knew something of his appeal right. The question for decision is whether, under the facts of this case, he knew enough. We find that he did not." 231 Kan. at 146. The court decided to consider the appeal out of time, holding that it was apparent from the evidence that the defendant did not have the particular knowledge of the time frame for his appeal. 231 Kan. at 147.

Similarly, Mitchell maintains that he was not informed of the required time frame for appeal. As Christians testified and Mitchell did not deny, they discussed the appeal after his convictions by the jury. However, the record is not clear whether they discussed the time frame of the appeal.

*Mitchell*, however, presented facts that distinguish it from the present case. The record there reflects that the defendant made several inquiries regarding an appeal starting shortly after his sentencing. He apparently was told on more than one occasion to file his appeal at a later time. In essence, he was led down the path and never told about the timeliness requirements until long after the time expired. Here, Mitchell never made inquiries with the court about appealing his case until several years later. His first inquiry with the court about assistance for an appeal did not occur until February 1999, when he sent a letter to the trial court asking if Selby could represent him on an appeal of this case. Even then, he never filed a formal written notice of appeal.

Other facts here suggest that Mitchell knew of his appeal rights and that his failure to act in any fashion on them amounts to a waiver.

Mitchell has a significant number of criminal convictions in his past, some of which he has appealed and some he has not. They include felony theft in 1994; aggravated escape, two counts of felony theft and criminal damage in 1990; and misdemeanor theft, battery, and burglary in 1985. Mitchell also had five municipal convictions in 1994 and three in 1995, including the two for which Christians was retained to defend him.

Mitchell argues that neither the trial court nor Christians informed him of his right to appointed counsel if he could not afford

to retain his current counsel. However, Mitchell wrote to the trial court requesting correction of the sentencing journal entry in May 1996, 4 months after sentencing. He requested that the court look into the matter or appoint an attorney for him to verify his claim.

In October 1996, Mitchell filed numerous pro se motions. In December 1996, the trial court held a hearing on the motion to correct an illegal sentence, at which time Christians still represented Mitchell.

These facts indicate Mitchell was aware of his appeal rights and was aware that courts appoint attorneys in posttrial matters. His retained attorney still represented him after sentencing. Also, he filed many motions pro se, but not a notice of appeal. He never requested an appeal until 1999, almost 3 years after the sentencing and after he served the present sentence and committed additional crimes. We hold that these facts constitute a waiver of his appeal.

Mitchell next contends that his counsel at the *Ortiz* hearing had a conflict of interest at the time and, therefore, he should be afforded another hearing with different counsel. *State v. Jenkins,* 257 Kan. 1074, 898 P.2d 1121 (1995). His point has no merit.

We first note that the trial court appointed Selby at Mitchell's request prior to the first hearing on this timeliness issue in 1999. The court then allowed her to withdraw a few weeks later since she had accepted a position as an assistant Sherman County Attorney. Nevertheless, she appeared on behalf of Mitchell at the May 21, 2001, *Ortiz* hearing on remand from this court. Mitchell never objected to her appearance.

Mitchell also acknowledged that he raised this issue for the first time on appeal. *Jenkins* addressed the issue of when an appellate court will address such a point if it is not raised in the trial court.

"In order to establish a Sixth Amendment violation arising from multiple representation or any other alleged conflict of interest by an attorney, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. Until a defendant shows that his or her counsel actively represented conflicting interests, the defendant has not established the constitutional predicate for a claim of ineffective assistance of counsel." *Jenkins,* 257 Kan. 1074, Syl. ¶ 5.

The *Jenkins* court then acknowledged that all facts necessary for the resolution of the issue were contained in the record and then

decided to proceed to the question without remand. 257 Kan. at 1080. The same situation exists here.

The fact that Selby was an assistant or the actual county attorney at the time of the *Ortiz* hearing does not in itself establish an ineffective assistance of counsel claim. In *State v. Wallace,* 258 Kan. 639, 908 P.2d 1267 (1995), our Supreme Court ruled that a court-appointed attorney who was also acting as a special county attorney at the same time did not have a conflict of interest that constituted ineffective assistance of counsel.

Here, Selby did not represent the State at any time in this case. At the *Ortiz* hearing, the State appeared by Scott Showalter, who prosecuted Mitchell originally in this case. The trial court appointed Selby again to represent Mitchell. The record shows she examined Mitchell, cross-examined Christians, and made closing comments at the hearing. Despite Mitchell's arguments that Selby could not properly represent him in his case and that he was denied his due process rights, there is no evidence that Selby's status created manifest injustice, requiring another *Ortiz* hearing with new counsel.

This is not a case of actual conflict of interest where the conflict adversely affected counsel's performance. *Cf., Jenkins,* 257 Kan. at 1081. Mitchell is not entitled to another *Ortiz* hearing with new counsel under these circumstances.

Affirmed.