Nos. 90,639,
91,068

STATE OF KANSAS, *Appellee*, v. JUSTIN E. PHINNEY, *Appellant*.

(122 P.3d 356)

Opinion filed November 10, 2005.

*Randall L. Hodgkinson*, deputy appellate defender, argued the cause and was on the briefs for appellant.

*David E. Yoder*, county attorney, argued the cause, and *Donna L. Longsworth*, assistant county attorney, and *Phill Kline*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ALLEGRUCCI, J.: Defendant Justin E. Phinney pled no contest to possession of pseudoephedrine and brings both an appeal from the district court's denial of his motion to reduce sentence and, pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), an out-of-time direct appeal of his sentence. He argues he should be resentenced under the identical offense doctrine as applied in *State*

*v. Frazier*, 30 Kan. App. 2d 398, 42 P.3d 188, *rev. denied* 274 Kan. 1115 (2002). The Court of Appeals affirmed the district court in an unpublished opinion filed July 9, 2004, and we granted Phinney's petition for review.

Phinney was charged with four drug-related violations, stemming from offenses occurring July 10, 2001. Counsel was appointed. At the preliminary hearing on December 14, 2001, the State agreed to dismiss Counts 2 through 4 and to recommend probation in exchange for Phinney's plea of no contest to the remaining count of possession or sale of ephedrine, pseudoephedrine, or phenylpropanolamine, in violation of K.S.A. 2001 Supp. 65-7006, a drug severity level 1 felony.

On February 7, 2002, Phinney received the standard 150-month prison sentence, with a dispositional departure to 36 months' probation. Phinney did not file a notice of appeal.

On March 15, 2002, the Court of Appeals decided *State v. Frazier*, 30 Kan. App. 2d 398, holding that possession of pseudoephedrine, under K.S.A. 2001 Supp. 65-7006(a), and possession of drug paraphernalia, under K.S.A. 2001 Supp. 65-4152 (a)(3), are identical crimes, and a defendant convicted under 65-7006(a) may be sentenced only under the lesser penalty provision of 65-4152.

In November 2002, Phinney violated his probation; new counsel was appointed for Phinney, and probation revocation proceedings began. Phinney moved the district court to reduce his sentence from a severity level 1 felony to a severity level 4 felony based on the decision in *Frazier*.

On December 20, 2002, the district court denied Phinney's motion, ruling that "[n]othing in the *Frazier* case . . . makes it retroactive." The court revoked Phinney's probation and ordered him to serve the original 150-month sentence.

On December 26, 2002, Phinney filed a notice of appeal from the district court's denial of his motion to reduce his sentence. The appeal was not timely docketed, but in May 2003 the Court of Appeals granted Phinney's motion to docket the appeal out of time.

On July 3, 2003, the Court of Appeals decided *Wilson v. State*, 31 Kan. App. 2d 728, 71 P.3d 1180, *rev. denied* 276 Kan. 974 (2003). *Wilson* refused to apply *Frazier* retroactively on a K.S.A.

60-1507 collateral attack. In that case, the movant had pled no contest to possession of ephedrine or pseudoephedrine and had failed to appeal his sentence, which was imposed 2 years before *Frazier* was decided. The court reasoned that Wilson "could have raised the precise question decided by *Frazier* on appeal, but he failed to do so." 31 Kan. App. 2d at 730-31.

On August 14, 2003, Phinney filed a second notice of appeal stating his "intention to appeal from all adverse judgments, rulings, and findings of fact entered by the district court at sentencing held on February 7, 2002." On August 18, 2003, Phinney filed a motion to consolidate this appeal with the earlier appeal from denial of his motion to reduce sentence, and, in the absence of objections or jurisdictional challenges, the Court of Appeals granted it.

On September 19, 2003, the Court of Appeals issued an order requiring the parties to show cause why the appeal should not be dismissed for lack of jurisdiction based on all notices of appeal being filed outside the 10-day limitation period in K.S.A. 22-3608(c) and the original sentencing date.

In response, Phinney filed two affidavits and a copy of a portion of the sentencing transcript. One affidavit was from Phinney. It stated that his attorney had not informed him of his right to appeal his sentence, the appellate remedies available, or the steps necessary to implement them. Phinney's affidavit also noted that his attorney never specifically discussed the possibility of an appeal raising the identical offense doctrine. Phinney asserted that had he been so informed, he would have instructed his attorney to file and perfect a timely appeal. The second affidavit was from Phinney's defense attorney in the district court, corroborating his failure to inform Phinney of his right to appeal his sentence, describe available remedies, or outline the steps necessary to implement them. The sentencing transcript demonstrated that the district judge also failed to inform Phinney on the record of his right to appeal his sentence or the procedures for doing so.

The State was granted three extensions of time but nevertheless failed to file any response to the Court of Appeals' show cause order.

On October 17, 2003, the Court of Appeals decided to retain jurisdiction of Phinney's direct appeal pursuant to *Ortiz*, 230 Kan. 733, as applied in *State v. Willingham*, 266 Kan. 98, 967 P.2d 1079 (1998). Phinney's case was assigned to the summary calendar, and no oral arguments were heard.

In its July 9, 2004, opinion, the Court of Appeals held that Phinney was not entitled to retroactive application of *Frazier* on his "collateral attack." The Court of Appeals relied on *Wilson*, 31 Kan. App. 2d 728, Syl., and on *Easterwood v. State*, 273 Kan. 361, 383, 44 P.3d 1209 (2002). *Phinney*, slip op. at 4-5.

The Court of Appeals' opinion ignored its earlier implicit decision to hear the case under an *Ortiz* exception. It considered the appeal as a collateral attack, stating: "Phinney had been sentenced and the time for filing a notice of appeal had run by the time *Frazier* was decided." Slip op. at 5. It did not discuss the source of its jurisdiction to make the ruling it made on the merits of the *Frazier* claim or evaluate the factors that are usually considered in granting or denying an *Ortiz* exception.

On March 1, 2005, this court granted Phinney's petition for review. On March 29, Phinney filed a supplemental brief in this court and has filed notices of additional case authority. The State has not filed a brief or pleading since filing its brief before the Court of Appeals.

The issue of appellate jurisdiction is one of law over which this court has unlimited, de novo review. *State v. James*, 276 Kan. 737, 744, 79 P.3d 169 (2003). The right to appeal is purely statutory, and an appellate court has a duty to question jurisdiction on its own initiative. If the record indicates that jurisdiction does not exist, the appeal must be dismissed. *State v. Verge*, 272 Kan. 501, 521, 34 P.3d 449 (2001).

Despite the general rule that a criminal defendant can appeal following judgment, no appeal can be taken from a judgment of conviction upon a guilty or no contest plea, "except that jurisdictional or other grounds going to the legality of the proceedings may be raised" as provided by K.S.A. 2004 Supp. 60-1507. K.S.A. 2004 Supp. 22-3602(a). Following a plea, a defendant may, however, challenge the sentence imposed. There are a limited number of

methods by which a defendant may challenge his or her criminal sentence before an appellate court. The three that are potentially pertinent in this case are: (1) a direct appeal from sentencing; (2) an appeal from denial of a motion to correct an illegal sentence under K.S.A. 22-3504; and (3) a civil proceeding collaterally challenging the sentence under 60-1507. Phinney has, at various points in this litigation, attempted to employ all three of these methods, and on appeal he argues he is entitled to relief under all three.

We first consider Phinney's assertion that his sentence was illegal. A defendant may challenge his or her sentence before an appellate court if the sentence qualified as "illegal." K.S.A. 22-3504 gives the court jurisdiction to correct an illegal sentence at any time. Neither the district court nor an appellate court has jurisdiction of an untimely request to modify a sentence unless the sentence is illegal, as that word has been defined in interpreting case law. See *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 (2004).

A sentence is illegal if it is: (1) imposed by a court without jurisdiction; (2) does not conform to the statutory provision, either in the character or the term of the punishment authorized; or (3) ambiguous with respect to the time and manner in which it is to be served. *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004) (citing *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 [1997]).

Here, there is no question that the district court had jurisdiction to find Phinney guilty and impose a sentence under K.S.A. 2001 Supp. 65-7006(a). Phinney's sentence conformed to 65-7006(a) as to both its character and term of punishment. His sentence was not ambiguous in the time or manner in which it was to be served. Thus, Phinney's sentence was not illegal under the statute. See *Barnes*, 278 Kan. at 123-24 (underlying sentence attacked under identical offense doctrine as applied in *State v. McAdam*, 277 Kan. 136, 83 P.3d 161 [2004], not illegal); see also *United States v. Batchelder*, 442 U.S. 114, 60 L. Ed. 2d 755, 99 S. Ct. 2198 (1979) (no constitutional right to lesser penalty when two applicable statutes proscribe identical conduct).

*McCoin* involved a similar situation. In that case, the defendant filed a motion attacking his sentence as illegal in light of *McAdam*,

decided after he was sentenced. This court held that because McCoin's sentence was not illegal, the district court never acquired jurisdiction to rule on that motion because it was untimely. Consequently the appellate courts had no jurisdiction to review the district court's ruling. *McCoin*, 278 Kan. at 468.

The situation is almost identical here. The sentence Phinney received under 65-7006(a) does not qualify as "illegal" under K.S.A. 22-3504. The filing of a timely notice of appeal is jurisdictional, and if the appeal is not taken within the 10-day period fixed by statute, it must be dismissed. See *State v. Moses*, 227 Kan. 400, 404, 607 P.2d 477 (1980). Clearly, Phinney failed to appeal within 10 days of sentencing as required by K.S.A. 22-3608(c). Since Phinney's sentence was legal, the district court never acquired jurisdiction to hear his untimely motion to reduce sentence. Consequently, the Court of Appeals lacked and this court lacks jurisdiction to entertain an appeal from the district court's denial of the motion. Thus, that appeal (90,639) should be dismissed.

A defendant also may challenge a sentence in an appellate court collaterally pursuant to 60-1507. This court indicated that the proper procedure for raising the application of the identical offense doctrine under *McAdam* or, in Phinney's case, *Frazier*, would be 60-1507. See *McCoin*, 278 Kan. at 468. The Court of Appeals' decision in *Wilson*, however, clearly held that *Frazier* would not be retroactively applied to a 60-1507 attack on a sentence when an unappealed conviction followed a favorable plea agreement and was "already final" at the time *Frazier* was filed. *Wilson*, 31 Kan. App. 2d at 730-34.

In *Barnes*, 278 Kan. at 122-28, we held that a defendant whose direct appeal on a *McAdams*-type issue was still pending at the time *McAdams* was decided, is entitled to be resentenced. On the other hand, in *Bryant v. State*, 280 Kan. 2, Syl. ¶ 3, 118 P.3d 685 (2005), we held that a defendant who enters a plea and does not file a direct appeal cannot collaterally challenge the sentence imposed on the ground that the offense he or she pled guilty to and a second offense having a lesser penalty have identical elements. Thus, where a 60-1507 motion raises a *Frazier* or *McAdam* claim, the appellate courts have *jurisdiction* over such cases, but the

claims *will not be successful* unless a direct appeal of the sentence was pending at the time *Frazier* or *McAdam* was decided.

In addition, even if we were to construe Phinney's motions as a 60-1507 pleading, although it might be properly before this court, it would provide him no relief. However, Phinney did not institute a 60-1507 proceeding. Phinney concedes that he was not collaterally attacking his conviction or sentence but seeking a legal sentence. The Court of Appeals nevertheless insisted in its opinion that "this is a collateral attack" and found *Wilson*, a 60-1507 case, dispositive. Slip op. at 4-5. This was incorrect.

Phinney complied with none of the detailed procedures required to institute a 60-1507 proceeding, and he was not pro se. Moreover, even if Phinney's motion were to be considered a 60-1507 motion, the issue of retroactivity has been disposed of in the *Frazier* setting by the Court of Appeals in *Wilson*, and disposed of in the analogous *McAdam* setting by this court in *Bryant*. In the circumstances of *Bryant*, "[a] defendant who enters a guilty plea but does not file a direct appeal cannot collaterally challenge the sentence imposed." *Bryant*, 280 Kan. 2, Syl. ¶ 3.

Phinney also asserts that his most recent notice of appeal is a direct appeal from his sentence under *Ortiz* and is properly before this court. Phinney did not file a notice of appeal within 10 days of his sentencing. In fact, Phinney did not file a notice of appeal challenging his underlying sentence until just over a year and a half after he was sentenced. Accordingly, this court is required to dismiss his appeal for lack of jurisdiction unless the exception articulated in *Ortiz* applies to excuse the untimeliness of his direct appeal.

A limited exception to the general rule requiring a timely appeal from sentencing is recognized in the interest of fundamental fairness only in those cases where an indigent defendant was either: (1) not informed of the rights to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal. *Ortiz*, 230 Kan. at 735-36 (relying on *Brizendine v. State*, 210 Kan. 241, 242-44, 499 P.2d 525 [1972]). If these narrow exceptional circum-

stances are met, a court must allow an appeal out of time. See *Willingham*, 266 Kan. at 99-102.

After imposing a sentence in a case which has gone to trial on a not guilty plea, the trial court is required to advise the defendant of his or her right to appeal and of the right of an indigent to appeal in forma pauperis. K.S.A. 22-3424(f); *Willingham*, 266 Kan. at 100 (quoting K.S.A. 22-3424[f]). " 'The purpose of K.S.A. 22-3424(f) logically is the same as that of [then Fed. R. Crim. Proc. 32(a)(2)]: "to insure that all defendants who might wish to appeal are fully aware of their appeal rights." [Citations omitted.]' " 266 Kan. at 101. A full awareness of these rights necessarily includes the knowledge that there is a time frame within which these rights must be exercised. 266 Kan. at 101.

In *Willingham*, on review of the record from an *Ortiz* hearing, the court found that no appeal was filed by Willingham's counsel; the limited advice given by counsel was insufficient to establish a voluntary waiver; no written waiver was obtained; and the court failed to advise the defendant at the time of sentencing concerning his appeal rights, in violation of K.S.A. 22-3424(f). 266 Kan. at 101. The court noted that the posture of the case would be more like *Ortiz* had counsel followed the provisions of K.A.R. 105-3-9 or testified that he fully advised the client of his right to appeal, including time limits, or if there had been a full discussion of the rights at sentencing. 266 Kan. at 101-02.

No Kansas case law prevents a defendant from claiming an *Ortiz* exception to appeal his or her sentence out of time after benefitting from a favorable plea. In *State v. Redmon*, 255 Kan. 220, 222-23, 873 P.2d 1350 (1994), a defendant who entered a guilty plea still had the right to file an appeal of his sentence out of time when the circumstances fit the *Ortiz* exception. As noted previously, *Willingham* and *Ortiz* indicate that fundamental fairness requires *all* defendants to be advised of their rights to appeal. See *Willingham*, 266 Kan. at 100-01; *Ortiz*, 230 Kan. at 735-36.

Here, the Court of Appeals did not remand this case to the district court for an *Ortiz* determination but rather made that determination itself.

At least one case has held explicitly that the proper procedure for determining applicability of an *Ortiz* exception is to first raise the issue before the district court to allow a proper factual record to be created. See *State v. Van Cleave*, 239 Kan. 117, 119-21, 716 P.2d 580 (1986). This is consistent with cases arising in other settings, holding that absent a district court record, there is nothing for an appellate court to review; thus, if a district court was never given an opportunity to consider an issue, the case is not properly before the appellate court. See, *e.g., State v. Porter, Green & Smith,* 228 Kan. 345, 615 P.2d 146 (1980). At times, however, such cases hold that in order to prevent denial of fundamental fairness upon which *Ortiz* is premised, a court may consider granting an *Ortiz* exception for the first time on appeal. See *Van Cleave,* 239 Kan. at 119.

In several recent cases seeking application of *Frazier* or *McAdam* through out-of-time appeals based on *Ortiz,* Court of Appeals panels have regarded remand as mandatory in accord with *Willingham* so the district court could hold hearings to determine if the movants were advised of their rights to appeal and whether they requested appeals to be filed. See, *e.g., State v. Singleton,* 33 Kan. App. 2d 478, 488-89, 104 P.3d 424 (2005).

However, in as many other similar cases, other Court of Appeals panels have simply considered the *Ortiz* issue and made determinations without remanding to the trial court. See, *e.g., Phinney,* slip op. at 3-5.

Presumably, in those cases remanded for *Ortiz* hearings, such as *Singleton,* the record on appeal was insufficient for the Court of Appeals to make a ruling, and, in the other cases, such as Phinney's, the Court of Appeals considered the record sufficient to enable it to make the *Ortiz* determination itself. This is the proper procedure to follow for making an *Ortiz* determination.

Here, we find that the record is factually and legally sufficient to support an *Ortiz* determination being made for the first time on appeal. Thus, the Court of Appeals was empowered to decide the two questions that could have been before the district court. They are akin to those before a court on a motion to suppress: What are the facts, based on substantial competent evidence? And what is

the ultimate legal conclusion drawn from those facts after our de novo standard of review?

The Court of Appeals has consistently said that whether the exception articulated in *Ortiz* excuses a defendant's failure to timely file a direct appeal is a question of law over which an appellate court has unlimited, de novo review. See, *e.g.*, *State v. Mitchell*, 30 Kan. App. 2d 1090, 1091-92, 54 P.3d 969, *rev. denied* 275 Kan. 967 (2002) (citing *State v. Parker*, 23 Kan. App. 2d 655, 658, 934 P.2d 987, *rev. denied* 262 Kan. 967 [1997]); *State v. Dugan*, 29 Kan. App. 2d 71, 72, 25 P.3d 145, *rev. denied* 271 Kan. 1039 (2001) (citing *Parker*); *Parker*, 23 Kan. App. 2d at 658 (citing *Gillespie v. Seymour*, 250 Kan. 123, 129, 823 P.2d 782 [1991]). The cases applying this de novo standard cite other Court of Appeals cases for that proposition. We do not agree that review is entirely de novo.

*Gillespie*, 250 Kan. 123, the Supreme Court case upon which the Court of Appeals relied in its initial pronouncement of this standard, involved a suit by trust beneficiaries against a trustee, a factual setting completely distinct and divorced from the cases relying on it. *Gillespie* most certainly does not hold that the question of whether *Ortiz* excuses a criminal defendant's untimely direct appeal is one of law entitled to de novo review. 250 Kan. at 129. The Court of Appeals' reliance on *Gillespie* does not support a de novo standard of review of an *Ortiz* exception determination. Instead, we adopt the same standard of review for *Ortiz* exceptions that is applied in the suppression context. The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception should be reviewed under a de novo standard. If, in Phinney's case, his response to the Court of Appeals' show cause order, combined with the record, provides sufficient evidence for an appellate court to make an *Ortiz* determination, this court should review the Court of Appeals' determination under that standard. See *State v. Gleason*, 277 Kan. 624, 644-45, 88 P.3d 218 (2004).

Phinney's affidavit states that his attorney did not inform him of his right to appeal his sentence, the appellate remedies available, or the steps necessary to implement them. Further, Phinney's af-

fidavit notes that his attorney never specifically discussed the possibility of an appeal on the identical offense doctrine. Phinney asserts that had he been so informed, he would have instructed his attorney to timely file and perfect an appeal. The record also contains an affidavit from Phinney's defense attorney, who corroborates that he did not inform Phinney of his rights to appeal or describe the available appellate remedies or the steps necessary to implement them. The transcript from sentencing also demonstrates that the district court never informed Phinney of the right to appeal or its attendant procedures. Unlike Ortiz, Phinney did not sign a waiver of his rights. A waiver might be found had Phinney's counsel followed K.A.R. 105-3-9, or testified that he had fully advised Phinney of his appeal rights and the attendant procedures. As in *Willingham*, no such waiver may be found in Phinney's case.

Three extensions of time were granted to the State, but the State failed to file any response or objections to Phinney's affidavits. The State also did not file a brief in this court after Phinney's petition for review was granted. These failures do not affect the sufficiency of the record, and, absent an objection, omissions in the record will not be considered on appeal. See *Galindo v. City of Coffeyville*, 256 Kan. 455, 467, 885 P.2d 1246 (1994). We conclude that, under these circumstances, a remand for an *Ortiz* hearing before the district court is unnecessary. The record is sufficient to have permitted the Court of Appeals and to permit this court to evaluate Phinney's claim to an *Ortiz* exception.

As stated above, the Court of Appeals initially retained Phinney's appeal "pursuant to *State v. Willingham* and *State v. Ortiz*." Slip op. at 3. Curiously, however, it later appeared to reject application of an *Ortiz* exception in this case. It confused the jurisdictional and procedural question of whether the exception applied with the substantive question of whether *Frazier* should allow resentencing. Slip op. at 5.

If a defendant meets the "narrow exceptional circumstances" as set out in *Ortiz* and as applied in *Willingham*, he or she must be allowed to file an appeal out of time. See *Willingham*, 266 Kan. at 101-102. Given the content of the affidavits and the sentencing transcript in this case, substantial competent evidence supports the

facts requiring an *Ortiz* exception, and we conclude, as a matter of law, the exception applies. Phinney's direct appeal of his sentence is properly before this court.

Having determined that Phinney's direct appeal is properly before this court, does the *Frazier* rule compel that Phinney be resentenced? The Court of Appeals approach to this issue is confusing. Although it initially allowed *Ortiz* and *Willingham* to excuse the untimeliness of Phinney's appeal, it ultimately ruled his case was final when *Frazier* was decided because he had been sentenced and the time for filing a notice of appeal had expired. Slip op. at 4-5.

This court clearly held in *State v. Campbell*, 279 Kan. 1, 106 P.3d 1129 (2005), and *State v. Barnes*, 278 Kan. 121, that a defendant should benefit from a ruling made while his direct appeal is pending. *Campbell* involved a direct appeal pending when *Frazier* was decided, and this court ultimately affirmed the holding in *Frazier* by finding that 65-7006(a) was identical to 65-4152(a)(3) and that the defendant should have been sentenced under the lesser penalty provision. *Campbell*, 279 Kan. at 16-17. *Barnes* involved a direct appeal pending when *McAdam* was decided, and this court found the defendant was entitled to resentencing under *McAdam*. *Barnes*, 278 Kan. at 130.

Phinney argues that *Campbell* and *Barnes* control his case. The State has not responded to this argument because it has not submitted a brief since the one it filed in the Court of Appeals. That brief was filed before this court's decisions in *Campbell* and *Barnes*.

The rationale for allowing an *Ortiz* appeal out of time is fundamental fairness. It is a device to put the defendant into the position he or she would have been in if fully informed of his or her appeal rights after sentencing. If a defendant can meet the narrow exceptional circumstances outlined in *Ortiz* and applied in *Willingham*, that defendant's out-of-time appeal should be treated as if it were a timely filed direct appeal. See *Willingham*, 266 Kan. at 101-02.

Thus, Phinney's appeal should be treated as if it had been filed timely. Had that occurred, it would have been pending when *Frazier* was decided, and *Frazier* should apply to reduce Phinney's

sentence, in accord with the holding in *Campbell*. This case must be remanded for resentencing as a drug severity level 4 felony.

This conclusion is also supported by this court's opinion in *Bryant v. State*, 280 Kan. 2. While we refused in *Bryant* to apply *McAdam* on a collateral attack, the final paragraph of the opinion contemplated an "alternative means to the end Bryant seeks," *i.e.*, retroactive application of *McAdam* may be achieved by perfecting a direct appeal out of time, as Phinney has done here. See *Bryant*, 280 Kan. at 13.

The appeal from the district court and the Court of Appeals on the motion to reduce sentence (90,639) is dismissed for lack of jurisdiction. In case No. 91,068, the Court of Appeals and the district court are reversed, and the case is remanded for resentencing in accord with *Frazier*.

LOCKETT, J., Retired, assigned.