NOT DESIGNATED FOR PUBLICATION

Nos. 112,151
112,152

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

DEQUALYN A. SHAFFER,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; GREGORY A. WALLER, judge. Opinion filed November 20, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*: Dequalyn A. Shaffer appeals the district court's denial of his motion to file an appeal out-of-time and his motion requesting a finding that his trial counsel was ineffective. For the reasons stated herein, we affirm the district court's judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2009, in case 09CR1062, the State charged Shaffer with one count of aggravated battery and one count of criminal discharge of a firearm at an occupied

1

vehicle. On July 22, 2009, in 09CR2028, the State charged Shaffer with one count of domestic battery, one count of criminal threat, three counts of aggravated assault, and two counts of criminal discharge of a firearm at an occupied vehicle.

On October 14, 2009, Shaffer moved to consolidate the cases for trial and sentencing. The district court denied the motion because the charges in 09CR2028 were domestic in nature and the charges in 09CR1062 appeared to be street gang-related, the cases occurred 2 months apart, and the cases involved separate witnesses.

On December 15, 2009, the district court began a jury trial in 09CR2028. The jury found Shaffer guilty of two counts of aggravated assault and one count of criminal discharge of a firearm at an occupied vehicle. On February 25, 2010, Shaffer pled no contest to an amended count of aggravated battery and one count of criminal discharge of a firearm at an occupied vehicle in 09CR1062.

Shaffer was sentenced in both cases on March 11, 2010. In 09CR2028, the district court sentenced Shaffer to 31 months' imprisonment for his first aggravated assault conviction, 13 months' imprisonment for his criminal discharge of a firearm at an occupied vehicle conviction, and 13 months' imprisonment for his second aggravated assault conviction. In 09CR1062, the district court sentenced Shaffer to 34 months' imprisonment for his aggravated assault conviction and 13 months' imprisonment for his criminal discharge of a firearm at an occupied vehicle conviction. The district court agreed to follow the plea agreement in 09CR1062 and ran the sentences in both cases concurrently providing Shaffer with a 34-month controlling sentence. At the end of the sentencing hearing, the district court discussed Shaffer's right to appeal stating:

> "You have the right to appeal. In order to do that, you must within ten days of today's date file a written notice of appeal with the officer of the Clerk of the District Court. If you do not do so, you will lose your appeal rights.

2

"Mr. Robinson [Shaffer's trial attorney], please confer with him thoroughly as to his appeal rights. Should he desire to appeal any matter, perfect that appeal by filing a notice of appeal on his behalf."

Shaffer did not file a notice of appeal.

Almost 4 years later, on January 28, 2014, Shaffer filed a pro se motion for an out-of-time appeal. He also filed a pro se motion requesting a finding that his trial counsel was ineffective. In this motion, Shaffer alleged that his trial attorney, G. Craig Robinson, failed to timely file a notice of appeal, failed to object to his criminal history score at sentencing, and coerced Shaffer into accepting the plea agreement in 09CR1062 when it was not in Shaffer's best interest.

The district court appointed an attorney for Shaffer and held a hearing on his motion to file an appeal out-of-time on May 2, 2014. At the hearing, Shaffer testified that he remembered being informed by the district court about his right to appeal. Shaffer testified that as he was leaving the courtroom he asked Robinson if he was going to file an appeal. According to Shaffer, Robinson responded, "Yeah," and left the courtroom. Shaffer testified that he later wrote a letter to Robinson trying to get some information, and Robinson wrote back informing him that he was no longer his lawyer and his case was closed. Shaffer testified that he became aware that an appeal had not been filed when he had another inmate check the records.

Shaffer also testified that Robinson coerced him into accepting the plea agreement in 09CR1062. Shaffer testified that he entered the plea agreement without being informed that he could get probation and that Robinson had told him on the first day they met that he was automatically going to prison. Finally, Shaffer testified that he believed his criminal history score was wrong and that Robinson had failed to properly object to the criminal history at the sentencing hearing.

3

Robinson testified that after the trial was completed in 09CR2028, he continued the sentencing hearing so that he could work out a disposition in 09CR1062. Robinson testified that his goal, agreed to by Shaffer, was to negotiate an agreement with the district attorney to effectively consolidate the two cases at sentencing so that Shaffer could receive concurrent sentences on all counts in both cases. Robinson reached a plea agreement with the State to achieve this goal.

As to Shaffer's appeal rights, Robinson testified that he informed Shaffer that he had the right to appeal both cases, but that any appeal in 09CR1062 in which he pled no contest would be limited to whether the sentence was illegal. Robinson also testified that he notified Shaffer of the appeal deadline. According to Robinson, Shaffer never told him to appeal. Robinson did not recall any discussion about an appeal in the courtroom after the sentencing. Robinson testified that if Shaffer had told him he wanted to appeal, he would have filed a notice of appeal so the district court could appoint appellate counsel.

In closing argument, Shaffer argued that he had satisfied the third exception of *State v. Ortiz*, 230 Kan. 733, 735-36, 640 P.2d 1255 (1982), because Robinson should have filed an appeal for Shaffer but he failed to do so. The State argued that Shaffer had failed to prove the third *Ortiz* exception because the testimony of Robinson and Shaffer presented a credibility question. The State argued that Robinson was credible because he had a clear memory of what happened and testified that Shaffer did not tell him to appeal. The district court ruled that Shaffer had failed to satisfy the third prong of *Ortiz*. The district court also noted that it had advised Shaffer at sentencing of his right to appeal and the deadline for filing the appeal. Thus, the district court denied Shaffer's motion to file an appeal out of time.

The district court also believed it could rule on Shaffer's motion claiming ineffective assistance of counsel, which the district court treated as a K.S.A. 60-1507 motion, based upon the evidence that was presented at the hearing. Shaffer's new attorney

4

agreed that the issues Shaffer raised in his motion claiming ineffective assistance of counsel were covered by the evidence presented at the hearing. The State argued that Shaffer's motion claiming ineffective assistance of counsel was time barred under K.S.A. 60-1507 because it was filed more than 1 year after his case was completed and he failed to show manifest injustice to justify waiting over 3 years to bring his motion. The district court agreed and ruled that Shaffer's motion claiming ineffective assistance of counsel was time barred. Shaffer filed a timely notice of appeal of the district court's rulings on both of his motions.

MOTION TO FILE APPEAL OUT-OF-TIME

Shaffer first claims the district court erred when it denied his motion to file an appeal out-of-time. Specifically, Shaffer argues that he was furnished an attorney who had a duty to file a timely notice of appeal upon Shaffer's request, but the attorney failed to do so. Shaffer argues that he satisfied the third *Ortiz* exception because he testified that he told Robinson to file an appeal in his case, and Robinson failed to have Shaffer sign a written waiver of appeal. The State argues that Robinson's failure to obtain a written waiver of appeal is not dispositive of whether Shaffer satisfied the third *Ortiz* exception. The State argues that Shaffer is asking this court to reweigh the evidence and reevaluate the credibility of the witnesses, which is not the function of an appellate court.

In *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005), our Supreme Court stated, "The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception should be reviewed under a de novo standard." Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. May*, 293 Kan. 858, 862, 269 P.3d 1260 (2012).

5

The right to appeal is statutory, and an appellate court only has jurisdiction to entertain an appeal if it is taken in the manner prescribed by statutes. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). There are three exceptions to the general rule that, in order for an appellate court to have jurisdiction over a defendant's appeal, he or she must file a timely notice of appeal, including where a defendant "(1) [was] not informed of the rights to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal." *Phinney*, 280 Kan. at 402 (citing *Ortiz*, 230 Kan. at 735-36). Shaffer asserts that his case falls under the third *Ortiz* exception.

Shaffer's argument essentially rests on the fact that Robinson did not have him sign a written waiver of his right to appeal. *State v. Holman*, No. 95,897, 2007 WL 1667072 (Kan. App.) (unpublished opinion), *rev. denied* 285 Kan. 1176 (2007), is similar to this case and instructive. In *Holman*, the defendant filed a motion for a notice of appeal more than a year and a half after sentencing. The defendant attached a signed affidavit to his motion alleging that he told his attorney he wanted to appeal his sentence, but his attorney did not file a timely notice of appeal. At an evidentiary hearing, the attorney testified that his notes indicated he had a conversation with the defendant about the deadline to file an appeal. The attorney testified that he did not remember the defendant talking about filing an appeal, but he would have filed a notice of appeal if the defendant had asked him to do so. The attorney testified that he did not have the defendant fill out a waiver of his right to appeal, but he never told the defendant he could not file an appeal. After hearing the evidence, the district court found that none of the *Ortiz* exceptions applied.

On appeal, the defendant argued that without a written waiver of appeal there was no affirmative proof that he agreed to waive his right to appeal. This court rejected the defendant's argument and found that it could not grant the defendant relief without

6

reweighing the evidence and reassessing the credibility of the witnesses, which is not the function of appellate courts. 2007 WL 1667072, at *2.

Here, Shaffer argues that he has met the third *Ortiz* exception because he told Robinson to file an appeal and he did not sign a written waiver of his right to appeal. However, Robinson testified that he discussed the right to appeal with Shaffer, Shaffer did not request him to file a notice of appeal, and he would have filed an appeal for Shaffer had he requested him to do so. As in *Holman*, Shaffer's argument requires this court to reweigh evidence and reevaluate the credibility of witnesses. This not a function of appellate courts. 2007 WL 1667072, at *2 (quoting *State v. Hartpence*, 30 Kan. App. 2d 486, 493, 42 P.3d 1197 [2002]). The district court's finding that Shaffer failed to satisfy the third *Ortiz* exception is supported by substantial competent evidence in the record. Thus, we conclude the district court did not err in denying Shaffer's motion to file an appeal out-of-time.

MOTION CLAIMING INEFFECTIVE ASSISTANCE OF COUNSEL

Next, Shaffer claims the district court erred when it denied his motion to find that he received ineffective assistance of counsel. Specifically, Shaffer argues that the district court erred in denying his motion as untimely. The State argues that Shaffer has failed to show manifest injustice under K.S.A. 60-1507(f)(2) to permit consideration of his motion claiming ineffective assistance of counsel. Thus, the State argues that the district court was correct when it found that Shaffer's motion was untimely.

It is difficult to determine whether the district court held an evidentiary hearing on Shaffer's motion claiming ineffective assistance of counsel. The district court held a hearing on Shaffer's motion to file an appeal out-of-time and, during this hearing, Shaffer testified that Robinson coerced him into accepting the plea agreement in 09CR1062 and that Robinson failed to object to Shaffer's incorrect criminal history score. At the

7

conclusion of the hearing, the district court stated it believed it could rule on Shaffer's motion claiming ineffective assistance of counsel based upon the evidence that was presented at the hearing; Shaffer's counsel agreed with this suggestion. However, the district court's ruling was simply that the motion was denied as being untimely filed.

It appears that the district court summarily denied the motion, and this court will conduct a de novo review to determine whether the motion, files, and records of the case conclusively establish that Shaffer is not entitled to relief. See *Edgar v. State*, 294 Kan. 828, 836, 283 P.3d 152 (2012). To the extent that resolution of this issue involves statutory interpretation, this court exercises unlimited review. See *State v. Eddy*, 299 Kan. 29, 32, 321 P.3d 12 (2014).

The district court properly construed Shaffer's motion claiming ineffective assistance of counsel as a K.S.A. 60-1507 motion. There is no question that Shaffer's motion was not filed within the 1-year time limitation in K.S.A. 60-1507(f)(1). K.S.A. 60-1507(f)(2) allows the deadline to be extended to prevent manifest injustice.

The Kansas Supreme Court recently clarified how courts are to determine whether manifest injustice requires an extension of the 1-year time limitation for a K.S.A. 60-1507 motion in in *Vontress v. State*, 299 Kan. 607, 325 P.3d 1114 (2014). Manifest injustice means "obviously unfair or shocking to the conscience." 299 Kan. at 614. When a court considers whether there is manifest injustice, it should consider the totality of the circumstances. 299 Kan. at 616. In this analysis, the court should consider three factors:

> "[W]hether (1) the movant provides persuasive reasons or circumstances that prevented him or her from filing the 60-1507 motion within the 1-year time limitation; (2) the merits of the movant's claim raise substantial issues of law or fact deserving of the district court's consideration; and (3) the movant sets forth a colorable claim of actual innocence, *i.e.,* factual, not legal, innocence." 299 Kan. at 616.

8

No factor is dispositive, and the factors do not need to be given equal weight. 299 Kan. at 616. The burden is on the movant to show manifest injustice. 299 Kan. at 617.

Applying the factors set forth in *Vontress*, it is apparent that Shaffer failed to carry his burden of demonstrating manifest injustice. First, Shaffer provided no persuasive reasons in his motion or his testimony that prevented him from filing his motion within the 1-year time limitation. See *State v. Trotter*, 296 Kan. 898, Syl. ¶ 3, 295 P.3d 1039 (2013) (defendant who files K.S.A. 60-1507 motion outside the 1-year time limitation and fails to assert manifest injustice is procedurally barred from maintaining the action).

Second, Shaffer's motion does not present substantial issues of law or fact. Shaffer's claim that his attorney failed to file a notice of appeal was rejected by the district court based on the evidence. Shaffer's conclusory allegations that his attorney coerced him into accepting the plea agreement and failed to object to his criminal history score—without establishing that the criminal history score was incorrect—do not establish a prima facie case that his counsel was constitutionally deficient. Finally, Shaffer does not make any claim of actual innocence.

Based on the three factors in *Vontress*, Shaffer has failed to show manifest injustice to warrant an extension of the 1-year time limitation under K.S.A. 60-1507(f)(2). Stated differently, Shaffer has failed to establish that it would be "obviously unfair or shocking to the conscience" not to extend the 1-year time limitation for filing his motion. See *Vontress*, 299 Kan. at 614. Thus, the district court did not err in dismissing his motion claiming ineffective assistance of counsel as being untimely filed.

Affirmed.