NOT DESIGNATED FOR PUBLICATION

No.120,886

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

NICOLE MARIE ZUSPANN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed March 12, 2021. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Brock R. Abbey*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER. P.J., ATCHESON and SCHROEDER. JJ.

PER CURIAM: Defendant Nicole Marie Zuspann has appealed the Saline County District Court's denial of her request to pursue a late appeal of her probation revocation in this case. The district court conducted an evidentiary hearing—commonly called an *Ortiz* hearing—at which Zuspann and the lawyer representing her on the probation revocation testified. The district court credited the lawyer's testimony that Zuspann did not ask him to file a notice of appeal of the probation revocation and, thus, rejected Zuspann's contrary testimony. Based on that determination and the other evidence, the district court rejected Zuspann's request to pursue an out-of-time appeal. We find no error in the district court's decision and affirm.

1

The extended history of this criminal prosecution is largely irrelevant to the narrow issue before us. Years ago, Zuspann pleaded guilty to a series of property crimes and was placed on probation with an order to pay a large amount of restitution. The district court repeatedly extended the probation—at least once as a sanction for Zuspann's violation of the conditions and several times at her request as she struggled to pay the restitution.

In 2017, the State sought to revoke Zuspann's probation. The district court appointed a lawyer to represent Zuspann in that proceeding. At the probation revocation hearing, Zuspann admitted she had absconded and had failed to pay various court costs. She asked for another chance on probation. The district court turned aside the request and ordered Zuspann to serve the underlying prison sentence.

About 18 months later, Zuspann personally drafted and filed a notice of appeal from the district court's probation revocation order. The notice was long past the statutory deadline for taking an appeal. K.S.A. 2020 Supp. 22-3608(c). We directed the district court to hold an *Ortiz* hearing to determine whether Zuspann could establish legal grounds warranting a late appeal.

The timely filing of a notice of appeal is a jurisdictional predicate for appellate review of an adverse district court judgment. See *State v. Shelly*, 303 Kan. 1027, 1036, 371 P.3d 820 (2016). In *Ortiz*, the Kansas Supreme Court recognized exceptions to the timeliness requirement when a criminal defendant's ability to appeal has been inhibited in any of three specific ways. *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d 1255 (1982). The court has frequently restated the *Ortiz* exceptions:

> "'The *Ortiz* exceptions recognize that an untimely appeal may be allowed in the direct appeal from a conviction and sentence if a criminal defendant either (1) was not

2

informed of the right to appeal at sentencing or by counsel, (2) was indigent and not furnished counsel to perfect an appeal, or (3) was furnished counsel for that purpose who failed to perfect and complete an appeal. [Citations omitted.]'" *Shelly*, 303 Kan. at 1036 (quoting *Albright v. State,* 292 Kan. 193, 198, 251 P.3d 52 [2011]).

At the *Ortiz* hearing, Zuspann testified that immediately following the probation revocation she and her lawyer spoke about a possible appeal. She testified she told the lawyer she wanted to think about it and then called the lawyer that same day to tell him to file an appeal. The lawyer testified that he had no detailed independent recollection of communications with Zuspann about an appeal of her probation revocation and did not recall a telephone call from her requesting an appeal. The lawyer explained his standard procedure is to document discussions with clients about appeals in the case files he maintains. He reviewed Zuspann's file. The file documents a discussion with Zuspann about a possible appeal. From the absence of any notation that Zuspann wanted to take an appeal, the lawyer testified he would conclude she had not requested an appeal.

During the *Ortiz* hearing, the State introduced several letters Zuspann had written to the district court from prison seeking some relief shortening her sentence. The district court promptly (and appropriately) submitted the letters to the clerk for filing in this case. In the letters, Zuspann makes no mention of either her belief that an appeal had been filed or her lawyer's apparent failure to follow through on her request for an appeal. The omission of any reference to an appeal is, at the very least, consistent with Zuspann having already made a decision to forgo an appeal.

The district court made an explicit credibility finding favoring the lawyer's testimony that Zuspann had not asked him to file an appeal and, in turn, rejecting Zuspann's conflicting testimony she had requested an appeal during a telephone call with the lawyer. Having considered the hearing evidence, the district court concluded Zuspann had presented no legal basis under *Ortiz* justifying her late appeal of the probation revocation.

In reviewing a district court's ruling on an *Ortiz* request for a late appeal, we apply the often-stated bifurcated standard that accords deference to the factual findings, so long as they are supported by substantial competent evidence, but permits unlimited examination of whether those findings then justify the ultimate legal conclusion. See *State v. Phinney*, 280 Kan. 394, 403-04, 122 P.3d 356 (2005); *State v. Stevenson*, No. 120,284, 2020 WL 1493034, at *2 (Kan. App. 2020) (unpublished opinion), *rev. denied* 312 Kan. ___ (September 30, 2020). We do not reweigh the evidence or make independent credibility determinations in that process. See *Taylor v. Kansas Dept. of Health & Environment*, 49 Kan. App. 2d 233, 238, 305 P.3d 729 (2013) (noting deference due on appeal to district court's credibility determinations and resolutions of conflicting evidence).

Here, Zuspann's testimony at the *Ortiz* hearing established she knew she had a right to appeal the probation revocation and had a lawyer with the authority to file a notice of appeal for her. The lawyer's office file confirms her understandings. That much of the evidence was undisputed and eliminated two of the three *Ortiz* exceptions. The remaining exception turns on a lawyer failing to carry out his or her client's express request for an appeal. Here, of course, there was conflicting testimony on the third exception, and the district court resolved the conflict against Zuspann. The resolution was within the district court's exceptionally broad purview in making credibility determinations. We will not disturb that finding on appeal. In turn, the district court's factual findings support its legal conclusion in denying the late appeal.

Affirmed.