NOT DESIGNATED FOR PUBLICATION

No. 127,722

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KEDRICK TYRELL JAMES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE BROWN, judge. Submitted without oral argument. Opinion filed February 6, 2026. Appeal dismissed.

*Grace E. Tran*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Kedrick Tyrell James appeals the district court's decision denying James' request to file a late notice of appeal under an exception in *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982). After reviewing the record, we find the district court's decision that no *Ortiz* exceptions apply is supported by substantial competent evidence. Thus, we dismiss James' underlying sentencing appeal for lack of jurisdiction.

*Factual and procedural background*

In February 2024, James pled guilty to one count each of criminal discharge of a firearm, aggravated assault, and aggravated endangering a child in exchange for dismissal of other charges. The facts supporting the charges are not pertinent to this appeal. The State agreed to recommend that the district court sentence James to the middle number in the appropriate grid box for each count with all counts running consecutively, but James could argue for any other lawful disposition, which the State would oppose. The district judge at the plea hearing informed James he had a right to appeal his sentence. James later filed a motion for a dispositional and durational sentencing departure.

James appeared for sentencing on March 22, 2024, with his attorney, Sam Kepfield. The district court denied James' departure motion and imposed the standard presumptive sentence for each count with the first two counts running consecutively but the third count running concurrently. The district judge explained to James, "If you want to appeal, the notice of appeal must be filed within 14 days of today's date, and you should discuss appeal matters with your attorney."

A notice of appeal was filed on behalf of James on April 22, 2024, and the appeal was promptly docketed by the Kansas Appellate Defender Office. The only issue identified in the docketing statement was that "[t]he court erred in sentencing Kedrick James." On July 5, 2024, this court ordered the parties to show cause why the appeal should not be dismissed because the notice of appeal was filed outside the 14-day limit in K.S.A. 22-3608(c). The State responded that the appeal should be dismissed. James responded and alleged that he asked his district court counsel to appeal his sentence, but his counsel failed to timely do so. On July 29, 2024, this court remanded the case to district court for a determination of whether any *Ortiz* exceptions excused the untimely notice of appeal. The order specified that if "Appellant pursues an appeal after an adverse decision from the remand, the only appealable issue is whether the district court erred in

determining that the *Ortiz* exceptions did not apply. If we determine that the district court did not err, the appeal will be dismissed for lack of jurisdiction."

The district court held an evidentiary hearing on November 6, 2024. The parties agreed in their opening statements that the only issue before the court was whether James' district court counsel, Kepfield, had failed to perfect his appeal—the third *Ortiz* factor. James testified first on his own behalf. He conceded that the district court and Kepfield had informed him at sentencing that he had 14 days to appeal. James testified, "Initially, in the courtroom that day, I told [Kepfield] I didn't want to file an appeal." When asked whether he changed his mind within 14 days of sentencing, James responded that he believed he had, so he asked his mother, Audrey Thomas, to call Kepfield and inform him that James changed his mind. James did not try to contact Kepfield in any other way.

James next called Thomas. Thomas testified that she was not aware how many days after sentencing James changed his mind about appealing. According to Thomas, James asked her to call Kepfield, so she called "Sam, because the card in [James'] wallet said Sam." A woman answered; Thomas asked if the woman was "Sam," to which the woman responded, "[Y]es." Thomas told the woman that James wanted to appeal his sentence, but the woman told her they did not handle appeals. Thomas did not know when she made that phone call. She made no other effort to contact Kepfield.

James called Kepfield as a witness. Kepfield testified that he told James immediately after sentencing that he had 14 days to file his notice of appeal. James responded that he did not want to appeal. Kepfield testified that he never heard again from James about wanting to file an appeal, and he denied ever talking to Thomas. Kepfield explained, "And, frankly, when [Thomas] said she talked to a woman, I don't know who that would be, because I don't have a secretary or paralegal."

3

Kepfield testified that he also sent James a form letter outlining the options to appeal. That letter included a self-addressed and stamped envelope that James could send back to Kepfield. Kepfield testified that he eventually filed a notice of appeal without any direction from James to "cover [himself]" as a "just-in-case." He conceded that when he filed the notice of appeal it might have been too late.

The district judge ruled from the bench and reiterated that the only issue was whether Kepfield failed to perfect the appeal. The district court found that the parties agreed that James initially told Kepfield he did not want to appeal, but James eventually changed his mind on a date that may have been outside the 14-day limit. The district court then focused on Kepfield's testimony that no women answer the phone for him. The district court acknowledged the lack of evidence on how Thomas found the number she called and opined that perhaps Thomas called a wrong number. Based on the evidence presented at the hearing, the district court found the third *Ortiz* factor was not satisfied. The district court filed a minutes/order on November 8, 2024, memorializing the district court's ruling. James timely appealed the district court's *Ortiz* ruling.

*Analysis*

The only issue in this appeal is whether the district court erroneously denied James the right to file an untimely notice of appeal in his underlying criminal case under one of the exceptions identified in *Ortiz*. Under *Ortiz*, the three limited exceptions to the timely filing requirement for a notice of appeal are if a defendant was: "(1) not informed of the rights to appeal; (2) was not furnished an attorney to perfect an appeal; or (3) was furnished an attorney for that purpose who failed to perfect and complete an appeal." *State v. Phinney*, 280 Kan. 394, 401, 122 P.3d 356 (2005).

A district court's decision on whether an exception under *Ortiz* applies is reviewed under a dual standard. An appellate court reviews the facts underlying the district court's

ruling for substantial competent evidence. The legal conclusion made by the district court on those facts as to whether the exception applies is reviewed de novo. *State v. Collins*, 320 Kan. 211, 216, 564 P.3d 393 (2025). Substantial competent evidence refers to legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021).

As stated before, the only issue before the district court was whether James could receive relief under the third *Ortiz* exception—that James had timely notified Kepfield of his desire to appeal his sentence but Kepfield failed to perfect the appeal as directed. James testified that he initially told Kepfield that he did not want to appeal. The evidence was uncontroverted that at some point James changed his mind and asked Thomas to call Kepfield and inform him of the change of heart. James conceded he made no other effort to contact Kepfield. Thomas testified that she called an unspecified number and a woman answered who identified herself as "Sam," which is also Kepfield's first name. The woman who answered the phone told Thomas that they did not handle appeals. Kepfield testified that no women answer his work phone and he is the only person who would answer it. Kepfield testified that after James initially stated he did not want to appeal, Kepfield did not hear from James again. Kepfield eventually filed a notice of appeal without any direction from James and conceded it may have been untimely.

The State argues, and we agree, that substantial competent evidence supports the district court's finding that Kepfield was never informed in a timely manner that James had changed his mind and wanted to appeal. And even if James changed his mind about wanting to appeal within 14 days of sentencing, the evidence showed that James only asked Thomas to call Kepfield; James did not try to contact Kepfield himself. Thomas testified that she spoke to a woman named "Sam," but Kepfield was unaware of any woman who could have answered his business line and claimed to have not heard about James changing his mind about the appeal. The fact that Kepfield later filed an untimely

5

notice of appeal "just-in-case" without any direction from James is immaterial to whether James should receive relief under the third *Ortiz* exception.

We will not reweigh the evidence and interfere with the district court's factual findings provided they are supported by substantial competent evidence. The district court's factual findings support its legal conclusion that James is not entitled to relief from his untimely notice of appeal under the third *Ortiz* exception. Based on this determination, James' underlying sentencing appeal is dismissed for lack of jurisdiction.

Appeal dismissed.