NOT DESIGNATED FOR PUBLICATION

No. 112,287

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOUIS E. KEBERT, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed September 18, 2015. Dismissed.

*Sean M.A. Hatfield* and *Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., GARDNER, J., and WALKER, S.J.

*Per Curiam*:  Louis E. Kebert appeals from the district court's denial of his "Motion to Correct Crime Severity Level," which was filed 7 years after he was sentenced. Because we find this court lacks jurisdiction to hear this appeal, it will be dismissed.

1

FACTS

Kebert pled guilty to one count of second-degree murder, a severity level 2 person felony, and five counts of aggravated battery, each a severity level 5 person felony. On May 31, 2006, the district court sentenced Kebert to a controlling sentence of 276 months' imprisonment followed by 36 months' post-release supervision.

On October 21, 2013, Kebert filed a pro se "Motion to Correct Crime Severity Level." In his motion, Kebert argued that the district court failed to sentence him in conformity with the identical offense sentencing doctrine. Kebert asserted that the district court assigned the wrong severity level for his convictions, arguing: (1) an offense of second-degree murder under K.S.A. 21-3402(b), a severity level 2 person felony, must be classified as a severity level 4 person felony because it has identical elements to the offense of involuntary manslaughter while driving under the influence (DUI) of alcohol or drugs under K.S.A. 21-3442, which is a severity level 4 person felony; and (2) an offense of aggravated battery under K.S.A. 21-3414(a)(2)(A), a severity level 5 person felony, must be classified as a severity level 8 person felony because it has identical elements to the offense of aggravated battery as stated in K.S.A. 21-3414(a)(2)(B), which is a severity level 8 person felony. Kebert also moved to proceed in forma pauperis and for the appointment of counsel.

The district court denied Kebert's motion, finding it raised no substantial questions of law or fact. The court also ruled that Kebert's arguments were incorrect because second-degree murder is not identical to involuntary manslaughter while driving under the influence, and aggravated battery under K.S.A. 21-3414(a)(2)(A) is not identical to aggravated battery under K.S.A. 21-3414(a)(2)(B).

Kebert has timely appealed the denial of his motion.

2

On appeal, Kebert argues that the district court should have construed his pro se motion as a motion to correct an illegal sentence. Kebert's entire argument hinges on his assertion that his pro se motion was in fact a motion to correct an illegal sentence. Kebert argues that the court erred when it denied his motion to correct an illegal sentence because he raised substantial issues of law, which required the court to appoint counsel and hold a hearing. Moreover, Kebert argues that even if we find that he did not raise substantial issues of law in his pro se motion, he was entitled to appointed counsel and a hearing under the plain language of K.S.A. 22-3504, "[c]orrection of sentence."

Unfortunately for Kebert, no matter how we construe his motion, his appeal is not properly before us. Accordingly, we dismiss Kebert's appeal for lack of jurisdiction.

An appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, it is the duty of the appellate court to dismiss the appeal. *State v. J.D.H.*, 48 Kan. App. 2d 454, 458, 294 P.3d 343, *rev. denied* 297 Kan. 1251 (2013). Whether jurisdiction exists is a question of law over which this court's scope of review is unlimited. *State v. Charles*, 298 Kan. 993, 1002, 318 P.3d 997 (2014).

When Kebert was sentenced, a defendant had to file his or her direct appeal challenging sentencing within 10 days of sentencing under K.S.A. 22-3608(c). However, under K.S.A. 22-3504(1), a defendant may move to correct an illegal sentence at "any time." When a defendant asserts that his or her sentence is illegal under K.S.A. 22-3504, "[n]either the district court nor an appellate court has jurisdiction of an untimely request to modify a sentence *unless the sentence is illegal*, as that word has been defined in interpreting case law." (Emphasis added.) *State v. Phinney*, 280 Kan. 394, 399, 122 P.3d 356 (2005) (citing *State v. McCoin*, 278 Kan. 465, 468, 101 P.3d 1204 [2004]). Our Supreme Court has defined an illegal sentence as "'a sentence imposed by a court without

jurisdiction, a sentence which does not conform to the statutory provision, either in the character or the term of the punishment authorized, or a sentence which is ambiguous with respect to the time and manner in which it is to be served.'" *State v. Barnes*, 278 Kan. 121, 123-24, 92 P.3d 578 (2004) (quoting *State v. Duke*, 263 Kan. 193, 194, 946 P.2d 1375 [1997]).

In *State v. Harp*, 283 Kan. 740, 743-45, 156 P.3d 1268 (2007), our Supreme considered whether a defendant could challenge the severity level of his or her convictions under the identical offense sentencing doctrine in a K.S.A. 22-3504 motion to correct an illegal sentence. The *Harp* court held:

> "Kansas case law has clearly established that a sentence imposed for a crime which has identical or overlapping elements with a crime of a less severe penalty and, thus, violates this court's rulings on identical or overlapping offenses is not 'illegal' as that term is used in K.S.A. 22-3504." 283 Kan. at 744.

See, *e.g.*, *State v. Scoville*, 286 Kan. 800, 801, 188 P.3d 959 (2008); *State v. Swisher*, 281 Kan. 447, 449, 132 P.3d 1274 (2006); *Phinney*, 280 Kan. at 399; *Barnes*, 278 Kan. at 123-24. The *Harp* court emphasized that Harp's identical offense sentencing challenge must fail because his sentence was legal under Kansas law, *i.e.*, the district court had jurisdiction to impose his sentence, his sentence conformed to the statutes, and his sentence was not ambiguous as to character or term of punishment. 283 Kan. at 744.

Kebert asks this court to construe his pro se motion as a motion to correct an illegal sentence. Typically, "'[p]ro se pleadings are liberally construed, giving effect to the pleading's content rather than the labels and forms used to articulate the defendant's arguments. A defendant's failure to cite the correct statutory grounds for his or her claim is immaterial.'" *State v. Gilbert*, 299 Kan. 797, 802, 326 P.3d 1060 (2014) (quoting *State*

4

*v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 [2010]). Even so, an appellate court cannot make arguments on behalf of the defendant.

In Kebert's motion, he never states that his sentence is illegal. Kebert simply states that his sentence violates the identical offense sentencing doctrine. No mention is made of any alleged illegality. In the absence of such allegations, Kebert's motion and appeal are clearly untimely because he initiated his sentencing challenge more than 7 years after he was sentenced, well beyond the 10-day time limit to appeal under K.S.A. 22-3608(c). "The filing of a timely notice of appeal is jurisdictional"; when a defendant fails to file an appeal within the time fixed by statute, that defendant's appeal must be dismissed. *Phinney*, 280 Kan. at 400.

Moreover, even if we were to construe Kebert's motion as a motion to correct an illegal sentence, we would still lack jurisdiction to entertain Kebert's appeal. An appellate court is duty bound to follow the precedent of our Supreme Court. See *State v. Ottinger*, 46 Kan. App. 2d 647, 655, 264 P.3d 1027 (2011), *rev. denied* 294 Kan. 946 (2012). Assuming that Kebert's motion was a motion to correct an illegal sentence, we would be duty bound to follow our Supreme Court's holding in *Harp* that a sentence that violates the identical offense sentencing doctrine is not illegal under K.S.A. 22-3504.

Neither the district court nor an appellate court will obtain jurisdiction over an untimely motion to modify a sentence *unless the sentence is illegal*. See *Phinney*, 280 Kan. at 399. Thus, the district court never obtained jurisdiction to rule on Kebert's untimely motion because Kebert's sentence, which he alleges violates the identical offense sentencing doctrine, was not illegal. Consequently, even if we construed Kebert's motion as a motion to correct an illegal sentence, we would still lack jurisdiction to review the district court's ruling.

Finally, it should be noted that if we were to reach the merits of Kebert's arguments, his appeal would still fail. Under the identical offense sentencing doctrine, where two criminal offenses have identical elements but impose different penalties, a defendant convicted of either crime may be sentenced only under the lesser penalty provision. *State v. Williams*, 299 Kan. 911, 925-26, 329 P.3d 400 (2014) (citing *State v. Snellings*, 294 Kan. 149, 151, 273 P.3d 739 [2012]). Kebert asserts that the district court erred when it summarily denied his motion because he was sentenced under the incorrect severity level for his second-degree murder conviction and his aggravated battery convictions.

Kebert asserts his second-degree murder conviction under K.S.A. 21-3402(b), a severity level 2 person felony, must be classified as a severity level 4 person felony because it has identical elements to the offense of involuntary manslaughter while driving under the influence of alcohol or drugs as stated in K.S.A. 21-3442, a severity level 4 person felony. K.S.A. 21-3402(b) defines second-degree murder as the killing of a human being committed "unintentionally but recklessly under circumstances manifesting extreme indifference to the value of human life." Therefore, second-degree murder is a specific intent crime requiring recklessness. K.S.A. 21-3442 defines involuntary manslaughter while driving under the influence as "the unintentional killing of a human being committed in the commission of, or attempt to commit, or flight from an act described in K.S.A. 8-1567 and amendments thereto." Unlike second-degree murder, involuntary manslaughter while driving under the influence is a strict liability crime. Thus, the two crimes are not identical.

Kebert's assertions concerning his aggravated battery convictions also lack merit. He contends that each severity level 5 person felony under K.S.A. 21-3414(a)(2)(A) must be classified as a severity level 8 person felony because aggravated battery under K.S.A. 21-3414(a)(2)(A) has identical elements to the offense of aggravated battery under K.S.A. 21-3414(a)(2)(B), which is a severity level 8 person felony. While aggravated

6

battery under K.S.A. 21-3414(a)(2)(B) has some identical elements as aggravated battery under K.S.A. 21-3414(a)(2)(A), it is because aggravated battery under K.S.A. 21-3414(a)(2)(B) is a lesser degree of aggravated battery under K.S.A. 21-3414(a)(2)(A). The identical offense sentencing doctrine does not apply to severity levels of the same offense. See *State v. Sandberg*, 290 Kan. 980, 985-87, 235 P.3d 476 (2010).

Accordingly, both of Kebert's arguments concerning the identical offense sentencing doctrine are without merit. As a result, if we were to reach the merits of Kebert's argument, his appeal would still fail.

The appeal is dismissed for lack of jurisdiction.