NOT DESIGNATED FOR PUBLICATION

No. 120,284

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RICKY LERAY STEVENSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed March 27, 2020. Affirmed.

*Christina M. Kerls*, of Kansas Appellate Defender Office, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM:  In June 2017, more than 13 years after his conviction and sentencing, Ricky Leray Stevenson filed an out-of-time notice of appeal. The district court held a hearing pursuant to *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), and, finding none of the *Ortiz* exceptions applied, denied the motion. After a thorough review of the record, we find substantial competent evidence supports the district court's decision. We affirm.

FACTS

Stevenson was convicted in 2003 of multiple drug crimes. In December 2003, the district court sentenced Stevenson to a 12-month prison sentence with 12 months of postrelease supervision. Stevenson's trial attorney timely filed a notice of appeal. At Stevenson's request, he was given until January 5, 2004, to begin serving his sentence; however, he did not report as ordered. A bench warrant was issued for his arrest.

In January 2004, Stevenson's trial attorney moved to withdraw and dismiss the appeal, asserting Stevenson's actions showed he no longer wished for him to pursue the appeal. In his motion to withdraw, Stevenson's attorney did not request court appointed counsel to represent Stevenson on appeal. We also note the record does not contain any information on whether Stevenson would have qualified for court appointed counsel to prosecute his appeal. The district court granted the motion by agreed order without a hearing and dismissed Stevenson's appeal in February 2004. Trial counsel did not provide Stevenson with a copy of the motion to withdraw, and Stevenson did not agree to the dismissal of the appeal.

Stevenson was eventually arrested in December 2004, and he began serving his sentence. The record reflects Stevenson did not contact his attorney about the status of his pending appeal after he was sentenced or while he was on the lam. Even after he was arrested on the outstanding bench warrant, he made no contact with his attorney. Stevenson had not paid the agreed upon fee for his attorney to represent him on appeal, nor had he provided his attorney with the filing fee for docketing the appeal.

Stevenson took no further action in this case until August 2014 when he filed a motion to correct an illegal sentence. The district court summarily denied Stevenson's motion, and another panel of our court affirmed. See *State v. Stevenson*, No. 113,855, 2016 WL 3370219, at *1 (Kan. App. 2016) (unpublished opinion). In June 2017,

Stevenson filed an out-of-time notice of appeal seeking to directly appeal his convictions and sentence. The district court appointed counsel to represent Stevenson and held an *Ortiz* evidentiary hearing. Stevenson's trial attorney testified at the hearing, but Stevenson did not. The trial attorney had not had any contact with Stevenson following sentencing. He described a number of unsuccessful attempts to contact Stevenson directly, although he believed he may have had some contact with Stevenson's family members. Trial counsel recalled sending some correspondence and information to Stevenson, but he could not verify he did because Stevenson's file was destroyed in 2011 as an old inactive file. Stevenson's attorney admitted he incorrectly concluded Stevenson no longer wished to pursue his appeal, and he failed to send a copy of his motion to withdraw to Stevenson as required by Supreme Court Rule 117 (2019 Kan. S. Ct. R. 195).

The district court held Stevenson's attorney should not have dismissed the appeal and his performance was objectively deficient. However, the district court noted Stevenson took no action until he filed a motion to correct sentence a decade later and did not file his notice of appeal out of time until more than 13 years after sentencing. Accordingly, the district court held "the third *Ortiz* exception does not apply in [Stevenson's] case because he was unable to demonstrate that, but for his counsel's failure, he would have taken a timely appeal."

Stevenson timely appeals.

ANALYSIS

Stevenson argues the district court erred in finding the third *Ortiz* exception did not apply. "The facts underlying an *Ortiz* exception ruling should be examined on appeal under a substantial competent evidence standard of review. The ultimate legal determination of whether those facts fit the exception should be reviewed under a de novo standard." *State v. Phinney*, 280 Kan. 394, 404, 122 P.3d 356 (2005). In Kansas,

3

"[t]he right to appeal is purely statutory." *State v. Harp*, 283 Kan. 740, 746, 156 P.3d 1268 (2007). The statutory deadline for filing a notice of appeal is jurisdictional; a notice of appeal filed after the statutory deadline will generally be subject to dismissal for lack of jurisdiction. See K.S.A. 2019 Supp. 22-3608(c); *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011).

In *Ortiz*, our Supreme Court recognized three exceptions to the general rule barring untimely appeals: (1) the defendant was not informed of the right to appeal; (2) the defendant was not furnished an attorney to pursue the appeal; or (3) the defendant was furnished an attorney who failed to file and perfect the appeal. 230 Kan. at 735-36.

Stevenson's trial attorney filed a timely notice of appeal; thus, this case does not turn on the general procedural bar for an untimely notice of appeal under K.S.A. 2019 Supp. 22-3608(c)—failure to file notice of appeal within 14 days of sentencing. Instead, the issue is the effect of the district court granting the motion to voluntarily dismiss the appeal. But once the district court dismisses an appeal, it has no jurisdiction to reinstate the appeal. Rather, the appellant must seek reinstatement of the appeal by application to the appellate court having jurisdiction over the appeal within 30 days of the entry of the order of dismissal. Supreme Court Rule 5.051(b) (2019 Kan. S. Ct. R. 33); see *State v. Thompson*, No. 98,257, 2008 WL 2796465, at *1 (Kan. App. 2008) (unpublished opinion). Where the defendant has not met the 30-day limit for seeking reinstatement of the appeal by the appellate court, the appropriate means for reviving the appeal is seeking an out-of-time appeal under one of the *Ortiz* exceptions. See 2008 WL 2796465, at *2.

Here, the relevant question is whether, but for counsel's failure, Stevenson would have *perfected* the appeal, i.e., the appeal would have been docketed and decided on the merits. A district court may dismiss an appeal when an appellant has filed a notice of appeal but failed to docket the appeal in accordance with Supreme Court Rule 2.04 (2019 Kan. S. Ct. R. 15). See Supreme Court Rule 5.051(a) (2019 Kan. S. Ct. R. 33). Once an

4

appeal is docketed, an appellant must timely file a brief in accordance with Supreme Court Rule 6.01(b) (2019 Kan. S. Ct. R. 34) or, in certain sentencing appeals, a motion for summary disposition pursuant to Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). An appellate court may dismiss an appeal for failure to comply with these rules. Supreme Court Rule 5.05(a) (2019 Kan. S. Ct. R. 32).

Strictly speaking, according to Stevenson, it would require considerable speculation to believe he would not have perfected the appeal had it not been dismissed. After filing the notice of appeal on Stevenson's behalf, Stevenson's attorney should have perfected the appeal or sought the appointment of new counsel to represent Stevenson on appeal when he withdrew. It would have been objectively unreasonable for Stevenson's trial attorney or substitute counsel not to perfect the appeal. Thus, there is no objectively reasonable basis to conclude the appeal would not have been timely perfected but for counsel's erroneous voluntary dismissal of the appeal. For this reason, Stevenson argues he is entitled to appeal out of time irrespective of the more than 13-year delay.

Stevenson relies on the reasoning in *United States v. Cronic*, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). He asserts no showing of prejudice is required because his trial counsel's dismissal of the appeal constituted abandonment of counsel's role as an advocate, resulting in a forfeiture of the proceedings. But *Cronic* relates to the United States Constitution's Sixth Amendment right to effective assistance of counsel *at trial*. See 466 U.S. at 656-57. In contrast, "the rationale for *Ortiz* is based largely on the *statutory* requirements that a defendant be informed by the court of his or her right to appeal." (Emphasis added.) *Kargus v. State*, 284 Kan. 908, 926, 169 P.3d 307 (2007). In *State v. Patton*, 287 Kan. 200, 225, 195 P.3d 753 (2008), our Supreme Court held:

> "[I]f . . . counsel has failed to file or perfect a direct appeal by a criminal defendant, we will presume the existence of prejudice. This is not, however, the same as a finding of prejudice per se, requiring application of the third *Ortiz* exception. The defendant must

still demonstrate that, but for counsel's failure, he or she would have taken a timely direct appeal."

As our Supreme Court further explained in *Guillory v. State*, 285 Kan. 223, 228, 170 P.3d 403 (2007), *Ortiz* is grounded in principles of fundamental fairness as to the defendant's statutory right to appeal:

> "The fundamental fairness principle underlying all three exceptions recognized in *Ortiz* and its progeny is based on the facts that the defendant's failure to timely appeal was the result of being deprived of a right to which he or she was entitled by law: the statutory right to be advised of the right to appeal; the statutory right to be provided an attorney to file an appeal; or the right to have the appointed attorney perform effectively in perfecting the appeal."

Stevenson's argument is flawed because he is essentially asking this court to find prejudice per se. In *State v. Gill*, 287 Kan. 289, 196 P.3d 369 (2008), Gill waited eight years from the time of sentencing before requesting an out-of-time appeal. Our Supreme Court held a defendant was not entitled to an out-of-time direct appeal under the first *Ortiz* exception even though he demonstrated he was not advised of his right to appeal. "Without suggesting any bright-line temporal rules," the *Gill* court found the "case present[ed] an example of a defendant who 'let the matter rest' in contravention of the requirement that he or she prove that a timely appeal would have been sought if the appropriate information had been communicated at sentencing." 287 Kan. at 297.

Although *Gill* addressed the first *Ortiz* exception, its rationale is still persuasive. Our Supreme Court has also "discussed the 'let the matter rest' concept" in examining the third *Ortiz* exception. See *State v. Smith*, 304 Kan. 916, 922, 377 P.3d 414 (2016) (*Smith I*); *Patton*, 287 Kan. at 225. Granted, Stevenson was informed of his right to appeal, requested an appeal be filed, and his trial attorney did file a timely notice of appeal. However, he never took any steps to pay the agreed upon attorney fee or docketing fee

for the appeal or to follow up with counsel about the appeal and its status in a timely manner. Stevenson's trial counsel testified when he did not get paid and had no contact from Stevenson, he thought Stevenson had changed his mind about the appeal and thus proceeded to dismiss the appeal. He also thought he could not adequately process the appeal without contact from Stevenson. He was not able to advance the docket fee or prosecute the appeal without being paid.

In contrast Smith testified he repeatedly contacted his attorney to file the appeal and heard nothing back from the attorney. And at the time of Smith's *Ortiz* hearing, his attorney had died resulting in no contrary testimony being presented. Our Supreme Court on remand directed the district court to determine if Smith's testimony was credible—a point the district court had not previously addressed. If Smith's testimony were credible, then he did not "let the matter rest" as he repeatedly tried to get his attorney to timely prosecute the appeal for him. See *Smith,* 304 Kan. at 922-23.

Here, Stevenson failed to testify, and we do not know what he did or did not do. The only testimony we have is his attorney saying he tried to contact Stevenson to no avail and he never heard from Stevenson after the day he was sentenced. Thus, the record reflects Stevenson's inaction after he was sentenced. Once Stevenson's appeal was dismissed, there were only two options for bringing a direct appeal—seek reinstatement with our court under Supreme Court Rule 5.051 or establish the third *Ortiz* exception applied. See *Thompson*, 2008 WL 2796465, at *1-2. Thus, Stevenson's only remedy now is to seek relief under *Ortiz*. Here, Stevenson "'let the matter rest'" and failed to pursue an out-of-time direct appeal for more than 13 years, including the first year after he was arrested and ordered to serve his 12-month prison sentence. See *Gill*, 287 Kan. at 297.

In his brief, Stevenson claims he was unaware his direct appeal had been abandoned until approximately one week before he requested to take a direct appeal out of time. He supports his assertions by citing to factual allegations in his motion. But

Stevenson did not testify at the *Ortiz* hearing; thus, he failed to present evidence in support of his motion. See *State v. Smith*, 308 Kan. 778, 783, 789, 423 P.3d 530 (2018) (*Smith II*) (noting witness credibility is determination district court should make in determining whether defendant has met burden to prove *Ortiz* exception applies). Stevenson's trial attorney testified he tried to contact Stevenson by phone and even left messages with some of Stevenson's family members between the time of Stevenson's sentencing and when trial counsel sought to dismiss the appeal. Stevenson's trial attorney also thought he mailed some letters to Stevenson about the case and the appeal after he was sentenced and received no response from him.

We acknowledge Stevenson's argument his trial counsel should have requested appointment of new counsel upon moving to withdraw. However, we find no support in the record establishing such a request would or should have been granted, nor would it have been inevitable as a matter of law. Stevenson's trial counsel had no authority to appoint counsel for him; the district court would have had to do so. But in order to qualify for court appointed appellate counsel, Stevenson would have had to fill out an affidavit of indigency, which is hard to do when one is avoiding arrest while on the lam. See K.S.A. 22-4505. Here, there was no factual basis for the district court to make the determination of indigency. The mere fact Stevenson had not paid retained counsel does not establish he was financially unable to employ counsel on appeal. And Stevenson did not testify at the *Ortiz* hearing, so there was no evidence as to his financial resources at the time the appeal was dismissed.

Stevenson did not establish before the district court he would have taken the necessary steps to perfect his appeal had he known in early 2004 or shortly after he was rearrested in December 2004 the appeal was dismissed. There was no testimony his attorney had moved or could not be found during the relevant period of time to check on the status of his appeal. Additionally, Stevenson would not waive his attorney-client

8

privilege with his trial attorney and allow him to more freely discuss the time-related issues around the dismissal of the appeal. Stevenson has not shown error.

Based on the specific facts of this case and given his failure to testify, we find there is substantial competent evidence to support the denial of Stevenson's motion to appeal out of time consistent with the principles of fundamental fairness underlying *Ortiz*.

Affirmed.