NOT DESIGNATED FOR PUBLICATION

No. 125,753

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LARRY G. OVERMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Cherokee District Court; OLIVER KENT LYNCH, judge. Submitted without oral argument. Opinion filed March 22, 2024. Affirmed.

*Jonathan B. Phelps*, of Phelps-Chartered, of Topeka, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Larry G. Overman timely appeals the district court's denial of his motion to correct an illegal sentence under K.S.A. 22-3504 in two separate cases. As more fully explained below, our Supreme Court has already determined Overman cannot use K.S.A. 22-3504 to assert a violation of the identical offense doctrine creates an illegal sentence. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The question Overman presents for us to resolve comes from his convictions and sentences in two cases that are over 10 years old: 07-CR-170 and 08-CR-60.

1

In the 2007 case, Overman was convicted of multiple drug offenses in a jury trial, including the two offenses at issue in this appeal—manufacturing methamphetamine in violation of K.S.A. 2007 Supp. 65-4159(a) and possession of drug paraphernalia with the intent to manufacture methamphetamine in violation of K.S.A. 2007 Supp. 65-4152(a)(3). Each offense was committed on or about October 4, 2007.

On his direct appeal in the 2007 case, Overman "convinced [a panel of this court] that the district court had improperly instructed the jury on the definition of drug paraphernalia, resulting in a reversal of his conviction for possession of drug paraphernalia with the intent to manufacture methamphetamine. *Overman*, 2012 WL 6634362, at *7." *State v. Overman*, 301 Kan. 704, 709, 348 P.3d 516 (2015). The panel "also agreed with Overman's argument that the district court had misclassified the severity level of his conviction for possession of red phosphorus and iodine with intent to manufacture." 301 Kan. at 709. The panel reduced his felony drug conviction for that crime from a severity level 2 to a severity level 4 drug felony and remanded for resentencing. Our Supreme Court affirmed. 301 Kan. at 705.

Due to his success on appeal, Overman was resentenced in the 2007 case after his sentence in the 2008 case. Overman was sentenced to 324 months' imprisonment for manufacturing methamphetamine. The sentences he received for the other convictions in that case were run concurrent with that 324-month sentence. Meanwhile, the overall sentence in the 2007 case was run consecutive to the sentence in the 2008 case.

In the 2008 case, Overman was again convicted of multiple drug offenses, including manufacturing methamphetamine in violation of K.S.A. 2007 Supp. 65-4159(a) and possession of drug paraphernalia with the intent to manufacture methamphetamine in violation of K.S.A. 2007 Supp. 65-4152(a)(3). Each offense was committed on or about March 24, 2008. On direct appeal, a panel of this court again reduced the severity level of Overman's conviction for possession of red phosphorus and iodine with intent to

manufacture methamphetamine from a severity level 2 to a severity level 4 drug felony and remanded for resentencing on that charge. *State v. Overman*, No. 105,317, 2012 WL 2045350, at *10 (Kan. App. 2012) (unpublished opinion).

At sentencing for the 2008 case, Overman received 154 months in prison for manufacturing methamphetamine, with the sentences for the other counts to run concurrent. Due to the sentence in the 2007 case running consecutive to the sentence in the 2008 case, Overman received a total sentence of 478 months' imprisonment.

In 2020, Overman moved pro se to correct an illegal sentence in the district court, challenging the sentences he received in both his 2007 and 2008 cases. Overman's motion argued the sentences he received for manufacturing methamphetamine were illegal under the identical offense doctrine because manufacturing methamphetamine contains identical elements to possession of drug manufacturing paraphernalia. The district court denied his motion after finding the two offenses are not identical and, even if they were, the evidence presented to the jury established Overman independently committed both offenses.

ANALYSIS

Overman now argues the district court erred in denying his motion to correct an illegal sentence. He invokes the identical offense doctrine, claiming K.S.A. 2007 Supp. 65-4159(a) and K.S.A. 2007 Supp. 65-4152(a)(3) are identical and he must be resentenced for only the less severe of the two offenses, possession of drug paraphernalia with the intent to manufacture methamphetamine in violation of K.S.A. 2007 Supp. 65-4152(a)(3), a severity level 4 drug felony.

3

The State counters Overman's arguments by pointing out our Supreme Court has repeatedly held an identical offense challenge cannot be raised in a motion to correct an illegal sentence under K.S.A. 22-3504. See *State v. Juiliano*, 315 Kan. 76, 83, 504 P.3d 399 (2022). And even if a procedural vehicle did exist for Overman to bring his identical offense challenge to us, our Supreme Court has determined K.S.A. 65-4159(a) and K.S.A. 65-4152(a)(3) do not have identical elements. See *State v. Cooper*, 285 Kan. 964, Syl. ¶ 3, 179 P.3d 439 (2008) ("Manufacturing methamphetamine under K.S.A. 65-4159[a] is not identical to using drug paraphernalia to manufacture methamphetamine under K.S.A. 65-4152[a][3].").

*Standard of Review*

We may correct an illegal sentence at any time while the sentence is being served. K.S.A. 22-3504(a). Whether a sentence is illegal under K.S.A. 22-3504 is a question of law over which we have unlimited review. When a district court summarily denies a motion to correct an illegal sentence, we apply a de novo standard of review because we have the same access to the motion, records, and files as the district court. *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

An illegal sentence is defined as a sentence that (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in which it is to be served. K.S.A. 22-3504(c)(1); *Mitchell*, 315 Kan. at 158. A change in the law after the sentence is pronounced does not render the sentence illegal. K.S.A. 22-3504(c)(1).

*An Identical Offense Doctrine Claim Cannot Be Raised in a Motion to Correct an Illegal Sentence*

The identical offense doctrine is a legal principle defining what happens when two criminal offenses have identical elements but are classified differently when imposing a penalty. According to the doctrine, a defendant convicted of either identical offense may be sentenced only under the lesser penalty provision. The rationale behind the identical offense doctrine is two-fold. First, courts cannot rationally interpret the legislative intent when two statutes impose different consequences for the same prohibited conduct. Second, the doctrine prevents prosecutors from impermissibly directing the range of sentences by selectively choosing between the identical offenses when charging defendants. *State v. Snellings*, 294 Kan. 149, 151-52, 273 P.3d 739 (2012).

The State correctly points out the flaw in Overman's appeal: A motion to correct an illegal sentence is the wrong procedural vehicle for Overman's identical offense doctrine challenge.

> "Kansas case law has clearly established that a sentence imposed for a crime which has identical or overlapping elements with a crime of a less severe penalty and, thus, violates this court's rulings on identical or overlapping offenses is not 'illegal' as that term is used in K.S.A. 22-3504." *State v. Harp*, 283 Kan. 740, 744, 156 P.3d 1268 (2007).

See also *Juiliano*, 315 Kan. at 83 (citing *Harp* with approval).

As our Supreme Court explained in *Harp*, sentences like Overman's conform to K.S.A. 2007 Supp. 65-4519(a) as to their character and term of punishment and are not ambiguous. Therefore, even if the sentences violate the identical offense doctrine, there can be no relief under K.S.A. 22-3504 because the sentences are not "illegal" under the

statute's definition of that word. 283 Kan. at 744. The district court correctly denied Overman's motion to correct an illegal sentence.

Affirmed.