NOT DESIGNATED FOR PUBLICATION

No. 127,191

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DUSTIN M. BRIGHT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; KEITH SCHROEDER, judge. Submitted without oral argument. Opinion filed June 20, 2025. Reversed and remanded.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Thomas R. Stanton*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before MALONE, P.J., SCHROEDER and GARDNER, JJ.

PER CURIAM: Dustin M. Bright, in his written plea agreement, waived his right to appeal his convictions and any lawful sentence. He now timely appeals from the district court's summary denial of his motion to permit a direct appeal out of time, claiming the district court erred in denying his motion without considering whether one or more exceptions under *State v. Ortiz*, 230 Kan. 733, 640 P.2d 1255 (1982), applied. After a thorough review, we reverse and remand to the district court for an *Ortiz* hearing.

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a written plea agreement, Bright pled guilty to multiple drug-related offenses, including distribution of a controlled substance resulting in death. As part of the plea agreement, Bright agreed to waive his right to appeal his convictions and any lawful sentence imposed, although he still retained the right to appeal from an unlawful sentence. Prior to entering his pleas, Bright signed the plea agreement, acknowledging the terms of the agreement and the rights he was waiving by entering his pleas. Regarding his right to appeal, the plea agreement specifically provided: "I understand that any appeal *must* be filed within *14 days* of the date my sentence is imposed in court."

At the plea hearing, the district court reviewed the written plea agreement. The district court asked Bright how old he was, and Bright responded he was 31 years old. The district court also asked Bright about his educational background, and Bright replied he had an eleventh-grade education. The district court further asked Bright if he was able to read and write, and Bright said he was. Bright confirmed he read and signed the plea agreement. The district court also advised Bright he was giving up his right to appeal except to challenge the legality of the sentences imposed. Bright said he understood.

The district court accepted Bright's guilty pleas to nine total drug offenses, finding the State provided a sufficient factual basis for all charges, and convicted Bright of all the offenses to which he pled. On May 12, 2023, the district court imposed a total controlling sentence of 246 months' imprisonment.

On January 2, 2024, Bright's attorney filed a motion to permit appeal out of time, indicating Bright "sent a letter to counsel postmarked July 13, 2023 requesting action be taken regarding his rights being violated at sentencing." Bright's attorney further explained: "The time elapsed from the first part of July of 2023 is attributable to the attorney attempting to ascertain what exactly Mr. Bright might have been expecting. This

was made clear by a later letter indicating clearly that he wished to appeal the sentencing." The district court filed an order summarily denying Bright's request to appeal out of time.

ANALYSIS

Bright submits the district court erred in summarily denying his motion to appeal out of time without considering whether an untimely appeal might have been permitted under one of the exceptions recognized in *Ortiz*. We agree.

*Standard of Review*

When a district court summarily denies a motion to appeal out of time, no factual findings are at issue; therefore, we review the district court's conclusion de novo. See *State v. Vasquez*, 315 Kan. 729, 731, 510 P.3d 704 (2022) (de novo review of summary denial of postconviction motion); *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021) (bifurcated standard of review when factual findings made in *Ortiz* ruling).

*Discussion*

Bright argues the district court should have considered whether an *Ortiz* exception would permit his untimely appeal. There is no dispute Bright sought to appeal after the 14-day statutory deadline. Generally, such an appeal would be subject to dismissal for lack of jurisdiction. See K.S.A. 22-3608(c); *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). In *Ortiz*, our Supreme Court recognized three exceptions to the general rule barring untimely appeals: (1) The defendant was not informed of the right to appeal; (2) the defendant was not furnished an attorney to pursue the appeal; or (3) the defendant's attorney failed to file and perfect the appeal. 230 Kan. at 735-36.

3

Bright argues the district court should have considered the first and third exceptions. Bright now claims he was not advised on the record of the deadline to appeal. While it was clearly stated in the written plea agreement, he was not informed of the deadline to appeal at any point on the record and any discussion about Bright's right to appeal was limited to the plea hearing. There was no discussion on the record about Bright's right to appeal at his sentencing hearing. The first *Ortiz* exception should be considered on remand despite the contents of the written plea agreement and Bright's acknowledgment he read it and understood it.

Bright further asserts the third *Ortiz* exception may apply, relying on an affidavit attached to his brief. In the affidavit, Bright claims he asked his attorney to appeal his sentence, but his attorney did not file a timely notice of appeal. However, Bright fails to specify *when* he asked his attorney to file the appeal. The affidavit was signed on February 12, 2024—roughly a month after the district court denied Bright's motion to permit appeal out of time. However, as Bright correctly notes in his reply brief, appellate courts may remand for an *Ortiz* hearing when a potential exception is asserted for the first time on appeal. *State v. Harp*, 283 Kan. 740, 742-43, 156 P.3d 1268 (2007). Because factual questions exist as to whether Bright understood the deadline to appeal and whether and when he may have asked his attorney to appeal, we remand for an *Ortiz* hearing.

Reversed and remanded.