NOT DESIGNATED FOR PUBLICATION

No. 128,056

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES C. HUNTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE GATTERMAN, judge. Submitted without oral argument. Opinion filed September 12, 2025. Sentence vacated.

*Joseph A. Desch*, of Law Office of Joseph A. Desch, of Topeka, for appellant.

*Steven J. Obermeier*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: If there is one certainty in contemporary Kansas jurisprudence, it is that an illegal criminal sentence can be corrected at any time. In this appeal of a district court's summary denial of a motion to correct an illegal sentence, we must disagree with the court and vacate the sentence.

1

*This is a prosecution for a crime committed at a state hospital.*

Charles Curtis Hunter has been residing for several years at the Larned State Security Hospital. He was first committed to Larned for his 1979 conviction of four counts of rape, seven counts of aggravated burglary, and two counts of attempted rape. For those crimes, Hunter was sentenced to 29 years to life.

In 2005, Hunter attacked a correctional officer by swinging his belt and striking the officer across the face with the buckle. Then he struck the officer in the face with a closed fist. According to Hunter, he became upset after being told to pick up his shoes. He refused to comply to "show rebellion and his displeasure that his activities time was cut short." Based on these actions, the State charged him with battery of a correctional officer. See *State v. Hunter*, 41 Kan. App. 2d 507, 510, 203 P.3d 23 (2009).

Hunter's defense at trial was that he was not guilty because he suffered from a mental disease or defect, rendering him incapable of forming the requisite intent to commit the crime. *Hunter*, 41 Kan. App. 2d at 510. The jury found him guilty of committing battery on a correctional officer. 41 Kan. App. 2d at 513.

Before sentencing, Hunter asked for an evaluation under K.S.A. 22-3429 for the purpose of providing the court with a report about possible psychiatric care and treatment in lieu of confinement or imprisonment. The district court granted the motion, directing Hunter be placed at Larned State Security Hospital for a mental examination and evaluation.

In the forensic evaluation report, the evaluator found that Hunter "exhibited an extensive history of mental health symptoms, including delusions of grandeur and persecution, ideas of reference, and paranoia" consistent "with a diagnosis of Schizophrenia, Paranoid Type." The evaluator noted that Hunter has legal charges dating

2

back to when he was 10, suggesting that his diagnosis of Antisocial Personality Disorder was appropriate.

In the report, the evaluator reported his discussion with Hunter about Hunter's 1979 rape convictions. Hunter explained that he "'believed he saw the devil who said that he needed to give the women his love,'" and that a woman's criticism of Hunter's intelligence "'started the whole process of hurting women to get even,' and 'because of the hurt . . . he decided to rape as many women as possible to show them that although he was not as intelligent as they were, he had power to hurt them.'"

The evaluator also reported that Hunter explained how he "'ended up in this situation,'" stating that,

"when he was a teenager, 'Satan was betting with me . . . made the merry-go-round spin faster and faster so I was lifted up and became a spirit.' He indicated that he was 'possessed as a boy and committed crimes I had no control over.' Mr. Hunter reported that his life is a 'movie of events that must be gone through before I can finish my prison term.' He added, 'I was chosen to go through all this stuff . . . I had my palm read by a witch and she told me I was the Chosen One.'"

The evaluator concluded that Hunter struggles to control his impulses, which has resulted in him harming others. The evaluator determined that Hunter's symptoms are severe and chronic, requiring continued treatment at Larned. The evaluator recommended that Hunter be committed to the State Security Hospital at Larned in lieu of confinement or imprisonment.

*The court imposed a guidelines sentence and then committed Hunter to the Larned State Security Hospital.*

At the sentencing hearing, both parties requested that Hunter be committed at Larned in lieu of imprisonment.

The court first imposed a 130-month prison term for Hunter's conviction, with a postrelease supervision term of 24 months. Then, the court ordered Hunter to be confined at the Larned State Security Hospital "for the term imposed of the standard sentencing range of 130 months." The sentencing court reasoned that confinement was appropriate after reviewing the forensic evaluation report and its conclusions and the stipulation by the State and Hunter's counsel.

The sentencing court also noted that if the state security hospital found Hunter's placement would be more appropriate elsewhere, the hospital must contact the court for a hearing to determine Hunter's future placement, transfer, or discharge. Otherwise, the court stated Hunter would remain at the state security hospital. Additionally, the sentencing court ordered that Hunter's sentence be served consecutively to his 1979 Douglas County sentence based on the special sentencing rule that Hunter committed this crime while incarcerated.

Hunter directly appealed his conviction and sentence, arguing two instructional error issues and his criminal history score was erroneously used to increase his sentence. A panel of this court affirmed Hunter's convictions and sentence, finding no error occurred at trial or sentencing. See *Hunter*, 41 Kan. App. 2d 507.

*Hunter seeks sentence modifications.*

About 12 years after his direct appeal, Hunter—representing himself—moved to modify his prison sentence and get credit for time served. The district court denied the motion, finding the court lacked subject matter jurisdiction to modify a legal sentence after it has been imposed. Hunter appealed and the district court's decision was affirmed. See *State v. Hunter*, No. 124,087, 2022 WL 497638 (Kan. App. 2022) (unpublished opinion).

While his appeal was pending, Hunter asked to modify his sentence a second time. The district court denied the motion, finding it lacked jurisdiction to address an issue that is the subject of a pending appeal. After the mandate from our court was filed ending Hunter's appeal, the district court then addressed Hunter's second motion to modify his sentence. The court denied Hunter's motion under the law of the case rule, finding the exact claim had already been decided by the Kansas Appellate Courts adverse to Hunter.

*After all of this, Hunter's motion that gives rise to this appeal is summarily denied.*

About a year after the district court's denial of the second motion to modify Hunter's sentence, Hunter moved to correct his illegal sentence, citing K.S.A. 60-1507. Hunter argued that his sentence was illegal because he was given two terms of confinement under K.S.A. 22-3430 while he was already serving another active sentence—his Douglas County indeterminate sentence. He also argued that the sentencing court erred by imposing three sentences under old and new sentencing laws—referring to the Kansas Sentencing Guidelines Act. Hunter also claimed that the court erred by failing to credit him with either jail-time credit or good-time credit. And finally, Hunter requested that he be discharged from Larned under K.S.A. 22-3431.

The district court summarily denied Hunter's motion, finding Hunter failed to raise a substantial issue of law or fact entitling him to relief. The court reasoned that Hunter failed to argue that his three sentences failed to conform to applicable statutory provisions. The court found that Hunter's three sentences were all imposed under the sentencing law that existed at the time of sentencing.

The court also found that Hunter did not have jail-time credit available at the time of sentencing; therefore, Hunter was not entitled to any jail credit at sentencing. And in the absence of the required certification from the Chief Medical Officer at Larned, the district court denied Hunter's request for discharge. That brings us to this appeal.

There is one issue before us. Did the court impose an illegal sentence by imposing a criminal sentence before committing Hunter to Larned under K.S.A. 22-3430?

*We follow well-established rules.*

A court may correct an illegal sentence at any time while the defendant is serving the sentence. K.S.A. 22-3504(a). A defendant may challenge a sentence as illegal even for the first time on appeal. *State v. Hambright*, 310 Kan. 408, 411, 447 P.3d 972 (2019). An appellate court may consider the legality of a sentence sua sponte. *State v. Johnson*, 309 Kan. 992, 997, 441 P.3d 1036 (2019). The appellate court has discretion to construe an improper motion to correct illegal sentence as a motion challenging the sentence under K.S.A. 60-1507. *State v. Redding*, 310 Kan. 15, 18-19, 444 P.3d 989 (2019) (citing *State v. Harp*, 283 Kan. 740, 744-45, 156 P.3d 1268 [2007]).

An illegal sentence is defined as a sentence that: (1) is imposed by a court without jurisdiction; (2) does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) is ambiguous about the time and manner in

6

which it is to be served. K.S.A. 22-3504(c)(1); *State v. Mitchell*, 315 Kan. 156, 158, 505 P.3d 739 (2022).

*Some defendants can be committed in lieu of imprisonment or confinement.*

The law gives a court discretion in certain cases. Frankly, some defendants need mental health treatment more than ordinary incarceration. Under K.S.A. 22-3429, a district court may order a defendant to be committed to the state security hospital for a mental examination, evaluation, and report. And if the evaluation and report

> "shows that the defendant is in need of psychiatric care and treatment, that such treatment may materially aid in the defendant's rehabilitation and that the defendant and society are not likely to be endangered by permitting the defendant to receive such psychiatric care and treatment, in lieu of confinement or imprisonment, the trial judge shall have power to commit such defendant to: (1) The state security hospital or any county institution provided for the reception, care, treatment and maintenance of mentally ill persons, if the defendant is convicted of a felony." K.S.A. 22-3430(a).

Under this section, the district court may order a defendant to be committed at the state security hospital until "further order of the court or until the defendant is discharged under K.S.A. 22-3431." K.S.A. 22-3430(a). The statute limits the defendant's period of detention. It may not "exceed the maximum term provided by law for the crime of which the defendant has been convicted." K.S.A. 22-3430(a). In other words, this is a hospital commitment that cannot exceed the maximum prison sentence.

Once a defendant is committed under K.S.A. 22-3430, the defendant may not be transferred or released from the hospital unless the hospital staff recommends the defendant's transfer or release. K.S.A. 22-3430(b). The statute also provides that defendants may appeal a commitment order "in the same manner and with like effect as if

7

sentence to a jail, or to the custody of the secretary of corrections had been imposed."
K.S.A. 22-3430(c).

Discharge from an order of commitment is governed by K.S.A. 22-3431. Under this section, the hospital's chief medical officer must give written notice to the district court recommending future treatment or discharge. K.S.A. 22-3431(a). The district court then must hold a hearing where the defendant "shall be sentenced, committed, granted probation, assigned to a community correctional services program" or "discharged as the court deems best under the circumstance." K.S.A. 22-3431(b) and (c). Any time spent in the hospital is credited against the defendant's sentence, confinement, or imprisonment. K.S.A. 22-3431(c). In other words, this is when the defendant is sentenced—after discharge from the hospital, not before.

*Hunter's sentence is illegal.*

The problem with what happened in this case is that the court tried to do two things at one time and could not legally do so. We see no error in Hunter's commitment to Larned State Security Hospital in lieu of confinement. Hunter's evaluation called for his commitment. The court followed the recommendations of both Hunter and the State and granted the motion for treatment at the hospital instead of confinement. Legally, that meant that sentencing could only come *after* his release from the hospital according to K.S.A. 22-3431(c).

*This is a matter of statutory interpretation.*

When our statute, K.S.A. 22-3430(a), uses the phrase "in lieu of confinement or imprisonment," we take that to mean "in place of confinement or imprisonment" or "instead of confinement or imprisonment." The phrase is not surplusage and we give the words their ordinary meaning. The phrase is in the law for a good reason.

8

That reason is that the law has established an order to be followed. If mental health treatment for a defendant is called for, then that order of commitment comes first. When the treatment is completed—to the satisfaction of those in charge of the treatment—the defendant returns to court for sentencing. Treatment comes before sentencing, not sentencing before treatment as attempted here.

Hunter's sentence is illegal because it does not conform to the applicable statutory provisions. See *Mitchell*, 315 Kan. at 158. We therefore must vacate Hunter's sentence. His commitment order for treatment at Larned State Security Hospital remains in effect. When his treatment is completed, then—according to law—he may be returned to the district court for sentencing unless the maximum time allowed by law for his crime has expired.

Sentence vacated.